## LANGLEY *vs.* ERGENSINGER *et al.*

Act No. 178, Sess. Laws 1851, entitled an act to amend ch. 41 of the R. S. of 1846, of taverns and other licensed houses, is constitutional, and under its provisions a married woman may bring suit in her own name, upon the bond therein provided for, in case of a breach of the condition thereof, within the meaning of the act.

Case reserved from Calhoun Circuit.

*Crary & Hughes,* for plaintiff.

*Van Arman & Brown,* for defendants.

This was an action of assumpsit, brought before James A. Way, a Justice of the Peace.

The plaintiff declared upon a bond dated the 31st May, 1852, and made by John Ergensinger and his sureties to the people of this State for $500, conditioned to pay all penalties and damages which individuals or community might suffer

by reason of the traffic of John Ergensinger in intoxicating liquors. The declaration alleged that the plaintiff was the wife of Albert Langley, and had sustained damage by reason of the said Ergensinger selling liquor to her husband.

The defendant plead the general issue, the cause was tried and judgment rendered in favor of the plaintiff for $68 damages, and $4 18 costs.

From this judgment the defendant appealed to the Circuit Court for the County of Calhoun, and at the April term of said Court, the case was reserved by the Judge for the opinion of this Court upon the following question:

"Is Act No. 178, of the Legislature of the State of Michigan for 1851, entitled an act to amend chapter 41 of the Revised Statutes of 1846, of taverns and other licensed houses, unconstitutional, so that no action can be maintained by a married woman in her own name upon the bond in case of a breach of the condition of said bond within the meaning of the act?"

By the Court, WING, J.

The defendant insists that the law is unconstitutional, because it in effect authorizes the grant of a license to sell spirituous liquors, and is thereby within the prohibition of the Constitution.

The 47th section of the fourth article of the Constitution, to which reference is made, provides that "the Legislature shall not pass any act authorizing the grant of license for the sale of ardent spirits, or other intoxicating liquors."

The first and third sections of the act in question prohibit under a penalty, the sale or the giving away of spirituous liquor by any person, until he shall have given the bond prescribed in the second section.

The bond prescribed by the second section is required to be in a certain penalty, to be determined by the proper township, city or village board, conditioned to pay all penalties

and forfeitures that might be incurred by reason of violating any provision of the law regulating the sale of spirituous liquors, in less quantities than twenty-eight gallons at any one time, and to pay all damages that community or individuals may sustain, by reason of such traffic, sale, or disposal of intoxicating liquors, by the person giving the bond.

The fourth section gives a right of action upon such bond to any person "injured by such sale or disposing of, or by, or in consequence of, the intoxication of any person occasioned by the liquor so sold or disposed of." It prescribes the form of the action, and gives to the person so suing the right to recover all damages for injuries, &c., occasioned thereby. Section five gives a right of action in her own name to a married woman for all damages sustained by herself or children, occasioned by the sale of spirituous liquors by the person giving the bond.

The design of the members of the convention who framed the Constitution, is supposed to have been to inhibit the Legislature from enacting any law which should authorize townships, cities or villages, to grant licenses to sell spirituous liquors as a means of revenue, but this in no degree interferes with the right of the Legislature to prohibit, under severe penalties, the traffic in ardent spirits in such manner and to such extent as should corrupt public morals, or should be destructive of the lives or property of those whom the government is in a measure bound to protect.

The statute in question is not an enabling statute. It does not in express terms affirm the right of a citizen to traffic in ardent spirits ; it is based upon the concession that it is one of those rights common to all, but which, like all other kindred rights, is subject to such control in its exercise as shall prevent injurious effects to communities and individuals. The statute simply seeks to place it under such restrictions as shall prevent tippling and drunkenness, and promote temperance and sobriety. The Legislature intended by

its enactment to lend their aid to the accomplishment of a great moral reform, to compel those who should inflict injuries by the sale of ardent spirits to make compensation to the wives and children of their victims, and thus place the wrong doer under the influence of a legal responsibility when his moral sense might fail to control or influence him.

The Legislature were prohibited from enacting any law which should authorize the traffic by the " grant of a license," (which is a permission or authority to do that thing,) but it cannot be doubted that it was competent to regulate and even prohibit it by law. This law does not authorize any municipal authorities to grant a license for such traffic. It assumes the traffic is hazardous to the morals and to the best interests of society, and therefore only grants immunities from fines which are denounced against offenders, upon the condition of providing adequate security for compensation to those who may suffer from an unbridled and iniquitous exercise of the right. No license either for revenue or otherwise is granted, and no fee or excise is received; on the contrary, a surrender is exacted from the man who wishes to engage in this traffic, of some portion of his legal rights, but only to such extent as their exercise is deemed hazardous to individuals and the public. The law does not say to any one, if you will give the required bond you may traffic in ardent spirits, but it does say to every one, that, unless you give the required security you shall not sell ardent spirits; you have the right to engage in this traffic, and we have the right to fetter it by such legal restrictions as shall put a check on your cupidity, and control your vitiated moral sense. It is an incident of every government, whether of a State or of a city, that they have the right to impose restrictions upon natural rights when the exercise of them in a particular mode is found to be destructive of the morals of all who are subjected to their influence. If a penalty is enforced upon a man who does a particular act, not wrong in itself but relatively so, it is true that by paying the penalty he is thereby licensed to do the act. Neither did

the approval of the bond given by the defendants authorize the sale of ardent spirits; it only removed a legal obstacle to the performance of such an act.

Upon a full consideration of this law, we are of the opinion that it is not unconstitutional.

Let it be certified to the Circuit Judge of the County of Calhoun as the opinion of this Court, that act No. 178 of the laws of 1851 is not unconstitutional, but that it is constitutional, and authorizes a suit by a married woman in her own name upon the bond, in case of a breach of the condition thereof within the meaning of the act.