J. M. HIRTH AND ABRAHAM HIRTH v. ANNA BARBARA PFEIFLE.

*Waiver by garnishee—Estoppel by garnishment proceedings.*

A garnishee cannot waive or admit away the rights of the principal defendant, as by disclosing that the debt was due to some other person.

The lawful owner of a claim can only be estopped by garnishment proceedings in which the garnishee has been placed, by regular course of law, in position to bind him.

It is no defense to a suit on a joint note that one of the defendants had been garnished in a former suit as indebted to the husband of the plaintiff in the later one, and had admitted that he was indebted to the husband on the note in suit.

Garnishment process cannot reach a joint debt where there is ser-
vice on only one of the debtors.

Error to Washtenaw. Submitted October 16. Decided
October 28.

Assumpsit. Defendants bring error.

*Frazer & Hamilton* for plaintiffs in error. Judgment
against a garnishee bars any subsequent action upon the
claim on which he admitted his indebtedness, *Webster v.
Lowell*, 2 Allen, 123; *Noble v. Merrill*, 48 Me., 140;
*Edson v. Sprout*, 33 Vt., 77; one of two joint makers of
a note may be held by garnishment proceedings where
process is served on him alone, if the other's interest is
not harmed, *Ladd v. Baker*, 26 N. H., 76; *King v. Vance*,
46 Ind., 246.

*James McMahon* and *E. D. Kinne* for defendant in
error. Judgment against a garnishee will not be a pro-
tection unless he availed himself of every possible defense,
*Pierce v. C. & N. W. Ry. Co.*, 36 Wis., 283; judgment
against one joint maker of a note as garnishee where
both were not summoned does not bar a subsequent
action on the note (*Wetherwax v. Paine*, 2 Mich., 555;
*Rix v. Elliot*, 1 N. H., 184; *Hudson v. Hunt*, 5 N. H.,
538; *Atkins v. Prescott*, 10 N. H., 120; *Nash v. Brophy*,
13 Met., 476; *Warner v. Perkins*, 8 Cush., 518; *Pettes
v. Spalding*, 21 Vt., 66; *Wilson v. Albright*, 2 Green (Ia.),
125; *Hoskins v. Johnson*, 24 Ga., 625; *Ellicott v. Smith*,
2 Cr. C. C., 543), though it might be different if the obli-
gations were joint and several, Drake on Attachment [4th
ed.] §§ 560-1; *Macomber v. Wright*, 35 Me., 156.

Campbell, C. J. Plaintiffs in error, being sued on a
joint note given by them payable to the order of defend-
ant in error, set up in defense that one of them, John
M. Hirth, had been previously garnished in a suit against
one Adam Pfeifle whom they averred to have been always
the real owner of the note, and that John M. Hirth

thereupon disclosed that he was indebted to said Adam Pfeifle on the note, and upon that disclosure judgment was rendered against him for its amount.

The record shows that on the 2d day of November, 1877, one Christian Schmidt sued John M. Hirth as garnishee of John A. Pfeifle in the circuit court for the county of Washtenaw, the suit against Pfeifle having been begun in that court. The disclosure is entitled in a cause against Adam J. Pfeifle and the judgment in a cause against John Adam Pfeifle.

The disclosure contains no reference to Abraham Hirth as signer of the note, and does not describe any note payable to Anna Barbara Pfeifle.

We might be called upon to consider the very peculiar defects in these proceedings, if they were not otherwise fatally defective. It is very certain that a person summoned as garnishee cannot waive or destroy by his admissions the rights of the owners of claims against him, and that Mrs. Pfeifle cannot be affected by his admissions or assertions that he owes her husband and not her. The lawful owner of a claim can only be estopped by garnishee proceedings in which the garnishee has been put by regular course of law into a position to bind such owner. *Hebel v. Amazon Insurance Co.*, 33 Mich., 400.

In *Wetherwax v. Paine*, 2 Mich., 555, it was held that garnishee process could not reach a debt due from two joint debtors by service on one. It is a garnishee's duty when he makes a disclosure to set forth the true condition of the liability, and if he sees fit to admit a different liability than the true one, or to admit a debt which does not exist, such an admission may authorize a judgment against himself, but it cannot affect any one else.

In the present case not only was Mrs. Pfeifle a stranger to the garnishee proceedings, but they were ineffectual to reach a joint debt at all.

42 MICH.—5.

The court below decided correctly that they made no defense to this action.

The judgment must be affirmed with costs.

The other Justices concurred.