OLIVER P. BARBER v. DELOS H. HOWD.

| 85 | 221 |
| 98 | 655 |

*Garnishment—Release of garnishee—Payment into court.*

1. A garnishee defendant in justice's court, having the right to correct his disclosure or to explain it after issue joined thereon, has the right to acknowledge his indebtedness and liability under the writ by paying over the money; and the plaintiff having the right to a further examination or to an explanation after issue joined, or to a new one upon appeal, the garnishee has the right for his own protection against cost and expense to waive such further or other examination.

2. The object of How. Stat. § 8037, which permits a garnishee to pay to the justice the amount due and owing from him to the principal defendant on the close of his examination, is to terminate the controversy, and release the garnishee, and to apply the sum paid to the liquidation of the indebtedness of such defendant.

Error to Saginaw. (Edget, J.) Argued February 26, 1891. Decided April 17, 1891.

*Assumpsit.* Defendant brings error. Reversed, and judgment entered in this Court for defendant. The facts are stated in the opinion.

*F. L. Eaton,* for appellant.

*G. K. Grout,* for plaintiff.

McGRATH, J. This is an action of *assumpsit* commenced before a justice. Plaintiff declared orally on the common counts, filing a bill of particulars for medical and surgical services and appliances, furnished in October and November, 1889, amounting to $125. Defendant, after commencement of suit, paid into the court the amount of plaintiff's claim and costs, except $50, and as to that amount he pleaded the general issue, and, in

abatement, payment under garnishee proceedings. Plaintiff recovered before the justice, and defendant appealed to the circuit, where plaintiff again recovered.

In April, 1887, one Barr sued and recovered judgment in justice's court against plaintiff, Oliver P. Barber, for $39.75. On December 2, 1889, Barr commenced a suit in garnishment against defendant, Delos H. Howd, setting forth in his affidavit that there was due upon the judgment the sum of $50. Owing to sickness, Howd did not answer until February 5, 1890, the matter being adjourned from time to time until that date. On February 5, 1890, Howd sent to the justice an affidavit, in which he says that—

"He is justly indebted to Dr. O. P. Barber, of Saginaw, Mich., to the amount of fifty dollars or over, for services rendered."

On February 11, 1890, the justice gave to Barr a statement in writing in words following:

"*To Mr. Delos Howd, Freeland:*

"JOHN BARR ⎫
    vs. ⎬
"DELOS HOWD, ⎭
    Garnishee.

"By paying $50 to Mr. John Barr, the garnishee defendant is hereby discharged from further liabilities, and the judgment against Oliver Barber, principal defendant, is discharged.

"OTTO STEMPEL, Justice of the Peace."

On February 19, 1890, the following entry was made upon the justice's docket in the suit of *John Barr v. Oliver P. Barber*, viz.:

"February 19, 1890.

"Received of Delos Howd, garnishee defendant, the sum of $50, being payment in full of damages and costs in garnishee proceedings; and the within judgment is discharged.

"JOHN BARR."

The case was tried before the court, who found the facts, and states his conclusions of law as follows:

1. That the defendant's affidavit in the garnishee proceedings disclosed an indebtedness due at the time of making the affidavit, but did not even by inference indicate that the indebtedness was due at the time of the service of the summons, and was therefore fatal to the subsequent proceedings.

2. That the payment to the plaintiff at the suggestion of the justice was not in compliance with the statute.

At the time the original indebtedness from defendant to plaintiff arose, Barber was indebted to John Barr upon a judgment, and at the time the garnishee proceedings were instituted by Barr against Howd, Howd was indebted to Barber; and in the course of the garnishee proceedings Howd paid over the amount which is here sued for on account of Barber, and in cancellation of the judgment against Barber, and Barber here seeks to compel Howd to pay the same sum a second time.

How. Stat. § 8037, provides that—

"Upon closing the examination  *  *  *  the garnishee may  *  *  *  pay to the justice  *  *  * all money then due and owing by him to the defendant, *  *  *  and thereupon such justice shall execute and deliver to the garnishee a release and discharge for the amount paid."

No question is raised as to the validity of the judgment against Barber, or of the proceedings by which the justice obtained jurisdiction of Howd in the garnishee suit. Under the statute, the service of summons upon Howd was the commencement of suit against him to recover and apply to the extinguishment of Barber's debt to Barr the amount then due by Howd to Barber, and from the time of such service the statute made Howd liable to Barr for that amount. Howd discloses and admits that he "is indebted" to Barber. He was entitled to put his own construction upon this admission of

indebtedness, which he did by payment over of the amount he admitted to be due. It would be a gross injustice now to put such a construction upon the disclosure in the abstract as would compel Howd again to pay over the amount. It clearly appears by the bill of particulars filed by Barber in his suit against Howd that the amount admitted to be due was due at the time of the service of writ of garnishment upon Howd.

The disclosure was not conclusive, either upon Howd or Barr. In *Lorman v. Insurance Co.*, 33 Mich. 65, a further disclosure was filed, and a default, taken because of the insufficiency of the first disclosure, was set aside. In *Maynards v. Cornwell*, 3 Mich. 314, it was said that—

"There may be such a disclosure by the garnishee as will render a further inquiry necessary, and an adjudication to determine his liability."

In *Newell v. Blair*, 7 Mich. 103, it was held that, while plaintiff could not contradict the disclosure, he might examine the garnishee anew in the circuit court for the purpose of a more full discovery, and might appeal to the circuit court for the very purpose of such further examination and discovery. There is no good reason in a case commenced in justice's court by summons, where the garnishee defendant submits a written disclosure, why the plaintiff might not insist, even in the justice's court, upon a further examination, or upon a second summons and further inquiry, not for the purpose of contradicting the disclosure, but in order than any ambiguity therein might be explained; and, had the court refused judgment, plaintiff would have had the right of appeal, and, upon appeal, to the further examination. In *Spears v. Chapman* and *Spears v. Riley*, 43 Mich. 541; *Weirich v. Scribner*, 44 Id. 73; *Townsend v. Judge*, 39 Id. 407; *Hackley v. Kanitz*, Id. 398; *Walker v. Railroad Co.*,

49 Id. 446,—the parties rested upon disclosures which were insufficient to create a liability.

Nor is the garnishee defendant concluded by the disclosure. It has frequently been held that he might amend his disclosure to protect himself, and can it be said that he has not the right to amend it in accordance with the facts in furtherance of the purpose of the statute? To deny him this right would be to encourage concealment, rather than disclosure. Or if the plaintiff had the right to a further disclosure or to further inquiry, or to an appeal and further examination, had not the garnishee defendant an undoubted right to waive further annoyance, litigation, expense, and possible costs by payment over of the amount?

In *Wellover v. Soule*, 30 Mich. 481, it was held that the error of the justice in making a garnishee summons returnable April 10 instead of May 10 was cured by the appearance and answer of the garnishee defendant on the day intended. In *Bigalow v. Barre*, Id. 1, where the garnishee defendant, after judgment against the principal defendant, and on the return-day of the garnishee summons, appeared and subscribed on the docket a statement that he was indebted in a specific sum, and authorized an entry of judgment against him, the judgment was held valid, notwithstanding the absence of declaration, second process, and proofs. In *Hebel v. Insurance Co.*, 33 Mich. 400, 402, the Court say:

"There is no question of the right of one prosecuted as garnishee to make many admissions and waivers without endangering his protection. He need not wait to be led by the shoulder into court. He need not wage battle at every step."

In *Strong v. Hollon*, 39 Mich. 411, it was held that costs might be awarded against the garnishee defendant who has unsuccessfully contested his liability.

The garnishee defendant having the right to correct his own disclosure or to explain it after issue joined thereon, he had the right to acknowledge his indebtedness and liability under the writ by paying over the money; and the plaintiff having the right to a further examination or an explanation after issue joined, or to an examination anew upon appeal, the garnishee defendant had the right for his own protection against cost and expense to waive such further or other examination.

We think the court erred also in holding that the payment of the amount admitted to be due by Howd to Barr was not such a compliance with the statute as would protect Howd. The object of the statute permitting the payment into court is to terminate controversy, to release the garnishee defendant, and to apply the sum paid to the liquidation of the indebtedness of the principal defendant. The only disposition to be made of the sum paid in is the payment over of the same to the plaintiff in that proceeding. Notwithstanding the issuance by the justice of the order to Howd, in view of the docket entry of the justice it must be presumed that Howd paid the money over to Barr in the presence and with the consent of the justice. Howd was thereupon released, and the judgment against Barber discharged. This was a substantial compliance with the statute.

The judgment is therefore reversed, and judgment entered here for the defendant, with costs of all the courts.

The other Justices concurred.