HEAVENRICH *v.* ALPENA CIRCUIT JUDGE.

1. ATTORNEY AND CLIENT — LIEN UPON JUDGMENT — DISCONTINUANCE.

An action instituted by the attorney for a judgment creditor, in the name and with the approval of the latter, upon a bond conditioned for the payment of the judgment, cannot be discontinued by the agreement of the parties thereto, without the consent of the attorney, to the prejudice of his lien upon the judgment recovered in the former action.

2. SAME.

It is immaterial that the attorney claiming such lien was styled upon the record as "of counsel" merely, if it affirmatively appears that he instituted the suits, had control of them at all times, and was recognized as attorney of record by counsel for the adverse parties.

*Mandamus* by Samuel Heavenrich and another to compel Robert J. Kelley, circuit judge of Alpena county, to vacate an order striking from the files of the court a stipulation for the discontinuance of certain actions at law. Submitted October 6, 1896. Denied December 18, 1896.

*Sloman, Groesbeck & Robinson,* for relators.

*I. S. Canfield,* for respondent.

HOOKER, J.   In May, 1893, relators, and others, who were doing business under the name of S. Simon & Co., were joint mortgagees in a mortgage given them by Kositchek & Bro., of Alpena.   In June of the same year, the sheriff of Alpena county attached the mortgaged property in an action brought by other creditors against the Kositcheks.   Simon & Co. and the relators brought separate actions of trover against the sheriff, and Simon & Co. recovered judgment for $3,267, and relators for $505. The jury in the latter case, which was the last case tried, found the value of the stock to be $3,772.   Subsequently, Simon & Co. assigned to the relators such part of their judgment as would make the amount due each concern equal to that due the other, and each brought an action in the Alpena circuit upon the sheriff's official bond.   While these actions were pending, the defendants in such actions paid to the relators and to Simon & Co. the amount of such judgments, interest, and costs, less $425, which was retained; notice having been given by I. S. Canfield that he claimed an attorney's lien for such amount on said judgments.   Thereupon relators and Simon & Co. assigned their respective judgments to one Comstock, one of the sheriff's bondsmen, he being a defendant in such actions; and thereupon relators and said Simon & Co., through Sloman, Groesbeck & Robinson, their attorneys of record, stipulated with the defendants' attorney for the discontinuance of said actions, and filed such stipulation.   No order of discontinuance was entered.   Canfield obtained an order striking said stipulation from the files, and relators ask a *mandamus* to vacate said order.

It is claimed upon behalf of the relators that Canfield was not the attorney of record, but only counsel in each and every of said causes, and that, as such counsel merely, he had no control over said causes, or lien upon

the judgments.   The circuit judge returns that Sloman, Groesbeck & Robinson appear upon the records as attorneys, and Canfield and Frank Emerick as counsel; that the evidence showed, and he found the fact to be, that Canfield commenced said actions, and at all times had control of them, and was recognized as attorney of record by counsel for the adverse parties; that the names of Sloman, Groesbeck & Robinson were placed upon process and pleading by said Canfield out of courtesy; and that they did not appear or take part in any of the proceedings.   Relators profess to be able and willing to pay to Canfield a reasonable sum for his services, but deny that he is entitled to the sum claimed by him.

Upon this record, it appears that the court has found that the relators' attorney, Canfield, had a lien upon the judgment rendered against the sheriff.   This gave him an equitable interest in such judgment.   An action was brought in the name of the plaintiffs against the sureties of the defendant, upon his official bond, Canfield being their attorney. Thereafter plaintiffs undertook to settle with such bondsmen, and, through their Detroit attorneys, stipulated to discontinue such proceeding, without the consent of Canfield, or in any way providing for his pay.   Such action having been instituted with plaintiffs' approval, we think the case is governed by *Weeks* v. *Wayne Circuit Judges*, 73 Mich. 256, and *Carpenter* v. *Myers*, 90 Mich. 210, and could not be discontinued to the injury of Canfield without his consent.

The writ of *mandamus* is denied.

The other Justices concurred.