PEOPLE, *for use of* SIMON, *v.* PACK.

ATTORNEY AND CLIENT—LIEN UPON JUDGMENT.

    It is immaterial that an attorney, who claims a lien upon a judgment for his services, was styled upon the record as " of counsel " merely, where it appears that he actively assisted in the preparation for and conduct of the trial.

Error to Alpena; Kelley, J. Submitted January 6, 1898. Decided February 16, 1898.

*Assumpsit* by the people, for the use and benefit of Sigmund Simon and another, against Albert Pack and others, upon a sheriff's official bond. The case was settled and discontinued by stipulation. Thereafter, one of plaintiffs' attorneys having given notice of attorney's lien, the stipulation of discontinuance was stricken from the files, the case tried, and judgment rendered for plaintiffs for the amount of the lien. Both parties bring error. Affirmed.

*Sloman & Groesbeck*, for plaintiffs.

*J. H. Cobb* (*Moore & Moore*, of counsel), for defendants.

*I. S. Canfield, in pro. per.*

LONG, J. Plaintiffs, who were in May, 1893, doing business in Detroit, under the firm name of S. Simon &

Co., became joint mortgagees with the firm of Heavenrich Bros. in a mortgage given by Kositchek Bros., of Alpena. In June of the same year, the sheriff of Alpena county, through his deputy, attached the mortgaged property in an action brought by other creditors against the Kositcheks. Plaintiffs and Heavenrich Bros. brought separate actions of trover against the sheriff and the attaching creditors, in which plaintiffs recovered a judgment for $3,267. Plaintiffs, being unable to collect their judgment, brought this action in the Alpena circuit upon the sheriff's official bond. While this action was pending, the defendants paid to plaintiffs the amount of the judgment, interest, and costs, less $500, which was retained, notice having been given them by I. S. Canfield that he claimed an attorney's lien for the sum of $425 on such judgment and the judgment in the Heavenrich case. Thereupon plaintiffs assigned their judgment to Comstock, one of the defendants, who was a surety upon the said sheriff's bond. At the same time, plaintiffs, through Sloman, Groesbeck & Robinson, their Detroit attorneys, stipulated with defendants' attorney for the discontinuance of the suit; but no order of discontinuance was ever entered.

It appears that Mr. Canfield, an attorney residing at Alpena, had been employed in June, 1893, through Sloman & Duffie, for plaintiffs, to assist them in the litigation against the defendants in those lien suits. Canfield, as plaintiffs' attorney, had demanded the mortgaged property, and, being refused, commenced the trover suit, signing, under instructions, the writ by which such suit was commenced, "Sloman & Duffie, Attorneys for Plaintiffs, Frank Emerick and I. S. Canfield, of counsel." Sloman & Duffie drew the declaration in said cause, signing and indorsing the same in like manner, and sent it to Canfield for filing and service. The notice of retainer and plea in both of said causes were directed to and served upon Canfield, who noticed the cases for trial, filed notes of issue with the clerk, opposed the application of defendants, looked up the testimony for plaintiffs by their re-

quest, talked with their witnesses, and secured their at-
tendance, consulted with and attended the trial with
plaintiffs, and actively assisted them.   On motion of Can-
field, judgment was entered in plaintiffs' favor in those
suits.   He also taxed the costs, took out an execution
upon said judgment, and looked after the same, and
caused its return.   The judgment not being collected
from the sheriff, Canfield, at the request of the aforesaid
attorneys, commenced the action upon the sheriff's official
bond to enforce its collection, prepared the declaration,
noticed the same for trial, opposed in court a motion made
by defendants for a continuance, and did all of the work
incident to the preparation thereof for trial, all of which
was performed for and at the request of said plaintiffs,
through their attorneys.   After defendants paid plaintiffs,
and the stipulation discontinuing suit had been filed, Can-
field, to preserve his attorney's lien, obtained an order
striking said stipulation from the files, and reinstating the
case for trial; and in March, 1897, the case was tried at
the circuit, and verdict and judgment entered for $217.50,
being the amount of Canfield's lien, in favor of the plain-
tiffs, from which both of said parties to the original suit
have appealed.   Mr. Canfield tried the case for plaintiffs,
and Sloman & Groesbeck appeared for the plaintiffs,
and J. H. Cobb for defendants.

We are satisfied that the court was not in error in in-
structing the jury that Mr. Canfield was employed as
attorney and counsel in the suits in question.   The court
left it for the jury to determine what those services were
worth.   The only question which we need discuss is
whether Mr. Canfield, as plaintiffs' attorney, has a lien
for his services upon the judgment obtained by the plain-
tiffs against the defendants.   The contention of counsel
for plaintiffs seems to be that Mr. Canfield, being merely
counsel in the case, had no lien upon the judgment.   A
similar case was before this court at the October term,
1896, in a mandamus proceeding.   *Heavenrich* v. *Alpena
Circuit Judge*, 111 Mich. 163.   There the same question

was raised, and the *mandamus* denied. The court below held that Mr. Canfield had a lien upon the judgment; and it was said by this court that the case was governed by *Weeks* v. *Wayne Circuit Judges*, 73 Mich. 256, and *Carpenter* v. *Myers*, 90 Mich. 210. The present case is ruled by those cases.

Judgment affirmed.

The other Justices concurred.