## DUNN *v.* DETROIT SAVINGS BANK.

1. GARNISHMENT—DISCLOSURE—AMENDMENT.

   The court may, at any time before judgment, permit a garnishee to amend his disclosure, upon due notice to the opposite party.

2. SAME—ESTOPPEL.

   A garnishee bank which, after an alleged defective service of the writ, paid out the deposit of the principal defendant on his outstanding checks, and, upon a subsequent service, filed a disclosure denying liability, is not estopped thereby from showing the exact condition of things at the time of the alleged defective service,—as that the fund was subject to the prior claim of a mortgagee.

Error to Wayne; Carpenter, J. Submitted October 20, 1898. Decided November 15, 1898.

Garnishment proceedings by Edward J. Dunn against the Detroit Savings Bank, as garnishee of Thomas Swan and others. The Union Trust Company intervened as claimant of the fund. From a judgment for claimant, plaintiff brings error. Affirmed.

Statement of case taken substantially from brief of claimant: Plaintiff, Dunn, holds a judgment against the principal defendant, Swan, rendered in 1894, and on June

1, 1897, took out a writ of garnishment, based on the judgment, against the Detroit Savings Bank. At the time the writ was issued, defendant Swan had $900 on deposit in the said bank, the proceeds of sales of his stock in business. The sheriff, in making service of the writ, by mistake served a copy of the affidavit of garnishment, instead of a copy of the writ itself. A few hours later, a new and proper service of the writ was had; but in the meantime the bank paid the money to Swan on his checks then outstanding, and its disclosure set up no liability. An examination of the garnishee was demanded, and the issue reached the trial stage February 9, 1898. It was agreed that the court might dispose of the case without a jury, and the court evidently took the case into consideration.

The claimant, Union Trust Company, held a chattel mortgage, made in 1893, and kept in force by proper renewals, on all defendant Swan's stock, present and future, proceeds of sales, etc., and, upon learning of the garnishment proceedings, claimed any amount for which the bank might be held in the proceedings, under its mortgage. As the bank had not, in its disclosure, set up the mortgagee's claim, the court, February 16th, allowed the disclosure to be amended so as to permit intervention under the statute, and, February 21st, after due notice to plaintiff, made an order interpleading the trust company as claimant. The court also found that the service of the writ on the bank was a good one, and directed a verdict against it in favor of the plaintiff, subject to the rights of the claimant, to be established in a trial between plaintiff and claimant. This latter issue was tried May 17th, and, all the facts being undisputed, the court held that under the decision of this court in the case of *Dunn* v. *Michigan Club*, 115 Mich. 409, where this same mortgage was construed, claimant was entitled to the fund, and a verdict was rendered and judgment entered in favor of the claimant. From this judgment, plaintiff has taken a writ of error.

*William B. Jackson*, for appellant.

*Russel & Campbell*, for appellee Union Trust Co.

GRANT, C. J. (*after stating the facts*).  1.  The amendment was allowable.  2 How. Stat. § 7631; *Newell* v. *Blair*, 7 Mich. 103; *Drake* v. *Railway Co.*, 69 Mich. 168 (13 Am. St. Rep. 382); *Rock* v. *Collins*, 99 Wis. 630. It is true that the issues had been submitted to the court on February 9th, but it was within the power of the court to open the case and allow an amendment at any time before judgment, upon due notice to the opposite party.

2.  The bank was not estopped by its first disclosure that, at the time of the service of the writ, it had no money in its hands belonging to Swan.  It did not have at the time of the actual service.  The court held that the exhibition to the cashier of the original writ, and the service of a copy of the affidavit, instead of a copy of the writ, constituted a good service.  The court was correct in permitting the garnishee to show the exact condition of things at the time of the alleged defective service.

Judgment affirmed.

The other Justices concurred.