GEROW *v.* HYDE.

GARNISHMENT — APPEAL FROM JUSTICE'S COURT — DISCLOSURE — AMENDMENT.

A garnishee, against whom a judgment has been rendered in justice's court, may, on appeal, be permitted to file a plea, and show that his disclosure was a mistaken one, and that he did not owe the defendant, but another person.

Error to Cheboygan; Shepherd, J. Submitted July 31, 1902. (Docket No. 105.) Decided September 17, 1902.

Garnishment proceedings by Arthur M. Gerow against Robert N. Hyde, as garnishee of Isaac J. Stewart. From a judgment for defendant, plaintiff brings error. Affirmed.

*C. S. Reilley*, for appellant.

*Cross & Harpster*, for appellee.

HOOKER, C. J. The plaintiff recovered a judgment against one Stewart in justice's court in 1897. He commenced garnishee proceedings against Hyde in 1900, before the successor in office of the justice of the peace who rendered the judgment against Stewart. Garnishee process being served, Hyde filed his disclosure, admitting his indebtedness, on October 29, 1900, and on October 30, 1900, the return day of the garnishee summons, in the absence of the garnishee, who did not appear, judgment was rendered against him. An appeal was taken to the circuit court by Hyde, who was permitted to file a plea of the general issue against plaintiff's objection. Upon the trial, evidence was offered tending to show that the disclosure was a mistaken one, and that the garnishee in fact did not owe Stewart, but another person, and this the jury must have found to be true. It is contended that he should have been bound by the disclosure, and that the court erred in receiving the plea and admitting this defense.

Several Michigan cases indicate that it is the duty of a garnishee to avoid compromising the legal rights of the original defendant by waiver or untrue admissions, and it cannot be doubted that voluntary submission to a judgment, with knowledge that such defendant was not his creditor, would not protect him against the real creditor. See *Hirth* v. *Pfeifle*, 42 Mich. 31 (3 N. W. 239); *Laidlaw* v. *Morrow*, 44 Mich. 547 (7 N. W. 191). In this case the testimony, which is all returned, shows clearly that, after disclosure by the garnishee defendant, a claim was made against him for the money due for the articles purchased, which he could not safely ignore. It would have been a hardship to hold him bound by his disclosure, and it was competent for the court to permit the proceedings to be amended by the filing of a plea which would support the defense. See 1 Comp. Laws, § 929. Inasmuch as the defendant's claim is supported by the undisputed evidence, it is unnecessary to discuss other questions.

The judgment is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred.