FANNON v. LeBEAU.

*In re* LAJOIE.

1. ATTORNEY AND CLIENT—ATTORNEY OF RECORD—LIENS.

Where the attorney who prepared the record and filed it in the Supreme Court became ill and was unable to present the case on appeal, the attorney employed by the client to prepare the brief and present the case was acting as the attorney of record rather than as counsel, and is therefore entitled to a lien for his services.

2. SAME—EQUITY COURT HAS POWER TO GIVE ATTORNEY LIEN ON FUNDS IN HANDS OF RECEIVER.

Courts of equity have the power to protect an attorney in securing his compensation by giving him a lien upon funds in the hands of a receiver.

3. SAME—ATTORNEY'S FEE.

Where an attorney prepared a brief of 23 pages, presenting a question of fact only, and argued the case before the Supreme Court, which resulted in realizing for the client between $15,000 and $16,000, a fee of $4,500, awarded by the court below, is excessive, and, on appeal, is reduced to $2,500.

4. COSTS—NO COSTS AWARDED CLIENT ALTHOUGH EXCESSIVE AT-
TORNEY'S FEE REDUCED.

Where a client tendered no definite amount to his attorney in
payment for services rendered and denied his right to a lien
therefor, on appeal from the fee allowed in the court below
no costs are awarded, although it is found to be excessive and
reduced from $4,500 to $2,500.

Appeal from Wayne; Miller (Guy A.), J. Sub-
mitted October 9, 1928. (Docket No. 116, Calendar
No. 34,027.) Decided December 4, 1928.

Bill by John Fannon against Charles H. LeBeau
and others for an accounting: On petition of
Ernest P. LaJoie against defendant LeBeau to de-
termine the amount of his fee for professional serv-
ices, and to establish a lien therefor on funds in the
hands of a receiver. From an order granting the
petition, defendant appeals. Modified.

*Ernest P. LaJoie, in pro. per.*

*David L. Shangle,* for defendant.

NORTH, J. The petitioner, Ernest P. LaJoie, seeks
to have determined the amount of his fee for profes-
sional services rendered to Charles H. LeBeau, here-
in called the defendant, and to have the same de-
clared to be a lien upon funds in the hands of the
receiver heretofore appointed in this cause. The
facts involved in the main case will be found in
*Fannon* v. *LeBeau,* 238 Mich. 376. LeBeau appealed
from the decree entered in the circuit court in the
original case. After the record had been prepared
and filed in the Supreme Court, it developed that
the attorney to whom LeBeau had looked to brief
and present the case on appeal would not be able to
do so because of ill health. Less than a week before

the case was to be submitted to the Supreme Court, LeBeau asked the petitioner to prepare a brief and argue the appeal. At first the petitioner declined to undertake the task on the ground that there was not sufficient time within which to examine the record and prepare a brief; but upon being asked again on the following day the attorney decided he would accept the undertaking. By devoting his time exclusively to this one matter and by working more than the usual hours per day, the petitioner succeeded in preparing the brief for the Supreme Court in about three days and it was printed and filed in time to preserve to the appellant the right of an oral argument in this court, and such an argument was made in his behalf by the petitioner. After the announcement of a decision favorable to his client, the petitioner and LeBeau had some talk about the former's compensation, and LeBeau was then told that the attorney proposed to charge him $5,000 for the services rendered. They were unable to agree, and thereupon this petition was filed. After a hearing in the circuit court, the petitioner's fee was fixed at $4,500, and an order entered that the same should be a lien upon the funds in the hands of the receiver. LeBeau has appealed from this order, and insists:

(1) That the trial court was without power to decree the petitioner's fee to be a lien upon the funds in the hands of the receiver, and

(2) That the amount of the fee awarded was excessive.

1. Did the court have the right to decree the petitioner's fee to be a lien upon the funds possessed by the receiver? It is rightly stated in appellant's brief:

"An attorney may have a special lien upon a fund in court or in the hands of a receiver, *recovered by him,* and a court of equity having such funds in its possession, will protect the attorney in retaining out of it a reasonable compensation for his services."

It is urged that the petitioner herein did not recover any portion of the funds in the hands of the receiver; but, instead, all of the assets of the receivership were in the possession of the receiver before the petitioner was identified with the case in any way. While this is true, under the decree rendered in the circuit court the receiver was holding assets in excess of $20,000 for the purpose of accounting to the adverse party in the original case. The exact amount claimed to be due him was in dispute, but it was admittedly in excess of $13,000. The trial judge stated in the opinion filed by him that the decision secured in the Supreme Court by the petitioner "resulted in realizing for the respondent between $15,000 and $16,000, which sum was otherwise lost to him." A further objection is urged that an attorney who is identified with a case as of counsel only has no right to a lien for services rendered. See 1 Jones on Liens (3d Ed.), § 144; and *Brown v. Mayor of New York,* 9 Hun (N. Y.), 587. In the instant case we need not be concerned with the distinction sometimes made between an attorney regularly of record and one acting as counsel only in determining the right to a lien for services rendered, because the petitioner herein was in fact acting as the attorney of record for Mr. LeBeau. The latter admits that he "employed Ernest P. LaJoie * * * and that thereafter Ernest P. LaJoie did cause this petitioner's brief to be prepared and filed in the Supreme Court and did thereafter argue the cause on the date it was submitted."

"It is immaterial that an attorney, who claims a lien upon a judgment for his services, was styled upon the record as 'of counsel' merely, where it appears that he actively assisted in the preparation for and conduct of the trial." (Syllabus) *People, for use of Simon,* v. *Pack,* 115 Mich. 669.

It is well settled in this State that courts of equity have the power to protect an attorney in securing his compensation by giving him a lien upon funds in the hands of a receiver. In *Wipfler* v. *Warren,* 163 Mich. 189, it is said:

"We have no doubt of the power of the court which made the original decree to so direct its receiver that the lien of the solicitor should not be impaired, and find no reason or authority for denying the power to determine upon the application of the fund owners the extent of the lien."

2. The remaining question is the reasonableness or fairness of the amount of the attorney's fee as determined by the circuit judge. The appellant is urging that the fee of $4,500 is excessive, considering the subject-matter of the litigation and the amount of services rendered by the petitioner. The brief filed for LeBeau by the petitioner consisted of 23 pages and presented in the Supreme Court a question of fact only, that being the sole matter involved. We are aided by a record which discloses rather definitely the extent of the services rendered, the circumstances under which such services were performed, and the result obtained. Attorneys of high standing in the profession testified as to the amount which in their judgment would constitute reasonable compensation. The maximum figure was $5,000, while other testimony fixed fair compensation at $1,200 to $1,500. It appears from the record that the attorney first employed by LeBeau had agreed to write the brief and argue the case in the Supreme

Court for $500. After a full consideration of the matter here presented, we are constrained to hold that the amount of the fee as fixed in the circuit court is more than should have been allowed; and we are of the opinion that it should be reduced to $2,500, and that amount should be decreed to be a lien upon the assets in the receiver's hands. The appellant does not appear to have tendered any definite amount to the petitioner, and has denied the petitioner's right to a lien, and therefore no costs will be awarded in this court.

FEAD, C. J., and FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred. CLARK, J., did not sit.