SHANK *v.* LIPPMAN.

1. JUDGMENT—SATISFACTION—STIPULATIONS—NOTICE.
   Order of satisfaction of judgment, made on stipulation of defendant and persons not parties to suit, without notice to plaintiff or her attorneys, was invalid.

2. ATTORNEY AND CLIENT—ATTORNEY'S LIEN ARISES BY LAW.
   Attorney has lien by law and not resting on contract on judgment obtained through his efforts for services and disbursements in particular case.

3. SAME—NOTICE TO JUDGMENT DEBTOR NOT REQUISITE.
   Notice to judgment debtor or other person dealing with judgment is not a requisite of attorney's lien for services and disbursements, although want of notice may preclude its enforcement in some circumstances.

4. GARNISHMENT—DISCLOSING AND INTERPLEADING CLAIMANTS TO FUND.
   Under 3 Comp. Laws 1915, § 13149, providing for disclosing of claimants to fund in hands of garnishee and for their interpleading as defendants in garnishment action, claimant so interpleaded is bound by judgment.

5. SAME—NOTICE OF CLAIM AFTER DISCLOSURE—SUPPLEMENTAL DISCLOSURE.
   If notice of claim to fund in hands of garnishee comes to garnishee after he has made disclosure, he may file supplemental disclosure and interplead claimant by proper proceedings.

6. SAME—WHEN GARNISHEE RELEASED.
   Under 3 Comp. Laws 1915, §§ 13149, 13156, where no claimant is interpleaded, satisfaction of judgment against garnishee releases him from liability to principal defendant only.

7. SAME—DISCLOSURE.
   Garnishee, by his disclosure, may not prejudice rights of real owner of fund in his hands.

8. SAME—NOTICE.

> Where garnishee has notice of adverse claims, he should give notice of such claims for his own protection.

9. SAME—NOTICE—JUDGMENT—SETTLEMENT.

> Where judgment debtor, brought in as garnishee in another action before satisfaction of judgment, did not interplead judgment creditor's counsel claiming lien on judgment for services and disbursements after notice of their claim, he may not set up garnishee judgment and its settlement against attorneys' lien.

10. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

> Where no bill of exceptions was settled, contention involving questions of fact not determinable from face of proceedings may not be reviewed.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted October 8, 1929. (Docket No. 10, Calendar No. 34,460.) Decided December 3, 1929.

Garnishment proceedings by Leo Anastas against Mary Shank, principal defendant, and Harry Lippman, garnishee defendant, upon a judgment obtained by Campbell, Dewey, Stanton & Bushnell, as attorneys for plaintiff in the case of Mary Shank against Harry Lippman. Upon satisfaction of judgment in *Anastas* v. *Shank,* wherein Lippman was garnishee defendant, order was made releasing garnishee. Order was made vacating partial satisfaction of judgment in *Shank* v. *Lippman,* on motion by plaintiff's attorneys who claim a lien for services. Defendant appeals. Affirmed.

*Campbell, Dewey, Stanton & Bushnell (Arthur F. Neef,* of counsel), for plaintiff.

*Harry J. Lippman, in pro. per.,* for defendant.

FEAD, J.   June 21, 1926, plaintiff had judgment against defendant. June 21, 1927, Leo Anastas commenced suit against plaintiff Shank and garnishment process was served on defendant Lippman. Defendant, by letter, notified Campbell, Dewey, Stanton & Bushnell, attorneys for plaintiff Shank, of the garnishment proceedings, and asked them to recall execution outstanding against him. The next day he filed disclosure, admitting liability to Mrs. Shank, on judgment in the sum of $2,590.37. August 10, 1927, plaintiff's attorneys gave defendant notice that they had a lien on the judgment for services and disbursements and filed similar notice in the Anastas case. Defendant expressed surprise at the claim of lien and asked for particulars, which were never furnished. February 17, 1928, Anastas recovered judgment against Mrs. Shank for $4,657.30. June 27, 1928, judgment was rendered against defendant Lippman for $2,590.37 in the garnishment suit. In July plaintiff's attorneys filed another notice of lien in each case. December 3, 1928, defendant settled the judgment with Anastas for $1,500 and had stipulation of payment in full, signed by Anastas, his attorney, and defendant. He filed the stipulation in this suit, and, upon the strength of it, without notice to plaintiff or her attorneys, obtained an order of court of satisfaction of the Shank judgment against him. About April 2, 1929, plaintiff's attorneys moved to set aside the order, and on April 16, 1929, defendant countered with a motion for a new order entering satisfaction of judgment. These motions were heard together and resulted in the court setting aside the former order of satisfaction and denying defendant's motion for a new one. Defendant reviews under Supreme Court Rule No. 11, without bill of exceptions.

The order of satisfaction of judgment, made on stipulation of defendant and persons not parties to the suit, without notice to plaintiff or her attorneys, was invalid. *Jackson* v. *Cole,* 81 Mich. 440. The court properly set it aside.

In this State, an attorney has a lien upon a judgment obtained through his efforts, for services and disbursements in the particular case. This lien arises by law and does not rest upon contract for a lien. It is not the same as the contingent fee or other lien which attaches to a cause of action before judgment and has its basis in contract. Notice to the judgment debtor or other person dealing with the judgment is not a requisite of the lien, although want of notice may preclude its enforcement in some circumstances. *Wells* v. *Elsam,* 40 Mich. 218; *Kirby* v. *LaDow,* 102 Mich. 345; *Wipfler* v. *Warren,* 163 Mich. 189; *Heavenrich* v. *Alpena Circuit Judge,* 111 Mich. 163; *People* v. *Pack,* 115 Mich. 669; *Dreiband* v. *Candler,* 166 Mich. 49; *Nichols* v. *Waters,* 201 Mich. 27; *Fannon* v. *LeBeau,* 245 Mich. 162; 6 C. J. p. 766.

Defendant contends the attorneys' lien on the Shank judgment was ineffective here because his liability to the garnishee plaintiff became absolutely fixed by his disclosure, under 3 Comp. Laws 1915, § 13123, made before he had notice of the lien, and it could not have been changed or affected in any way by further disclosure.

The garnishment statute, 3 Comp. Laws 1915, § 13149, provides for the disclosing of claimants to a fund in the hands of the garnishee and to their interpleading as defendants in the garnishment action. The claimant so interpleaded is bound by the judgment. If notice of claim comes to the garnishee after he has disclosed, he may file a supplemental dis-

closure and the claimant be interpleaded by proper proceedings. *Butler* v. *Wendell,* 57 Mich. 62 (58 Am. Rep. 329) ; *Tabor* v. *Van Vranken,* 39 Mich. 793; *Gerow* v. *Hyde,* 131 Mich. 442; *Drake* v. *Railway Co.,* 69 Mich. 168 (13 Am. St. Rep. 382) ; *Dunn* v. *Detroit Savings Bank,* 118 Mich. 547.

Where no claimant is interpleaded, satisfaction of a judgment against a garnishee releases him from liability to the principal defendant only. 3 Comp. Laws 1915, §§ 13156 and 13149. The garnishee, by his disclosure, cannot prejudice the rights of the real owner of the fund in his hands; and where he has notice of adverse claims he should give notice of such claims for his own protection. Not having interpleaded plaintiff's counsel after notice of their claim, defendant cannot set up the garnishee judgment and its settlement as against their lien.

Defendant further contends that failure of plaintiff's attorneys to advise him of the particulars of the lien and to proceed to its enforcement was a waiver of it. This contention involves questions of fact which are not determinable from the face of the proceedings and cannot be reviewed, as no bill of exceptions was settled.

On proper application, defendant would be entitled to an order of satisfaction of judgment, subject to the claim of lien, to be established in appropriate proceedings therefor. He was not entitled to the order prayed for.

Judgment is affirmed, with costs.

NORTH, C. J., and BUTZEL, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.