HOLMQUIST *v.* SORENSON.

1. CONTRACTS—SUNDAY SERVICES—WAIVER.
   Claim for Sunday services as mechanic for which no special agreement had been made came too late when first advanced after sewer construction job was completed and claimant had received his pay checks regularly without making complaint.

2. APPEAL AND ERROR—FINDINGS OF COURT IN CASE TRIED WITHOUT JURY—EVIDENCE—CREDIBILITY OF WITNESSES.
   In action for sums allegedly due subcontractor from contractor and his surety on sewer construction job, tried without a jury, findings of trial court for defendant upon disputed questions as to price to be paid for hauling dirt, personal wages due plaintiff and compensation for use of garage are not disturbed where there is some evidence in support thereof, since he is in a much better position to determine credibility of witnesses whom he saw and heard.

3. PLEADING—AMENDMENT OF ANSWER AFTER SUBMISSION OF PROOFS.
   Permission to amend answer after proofs had been submitted to substitute for general denial of any sum due and claim of overpayment, an admission that a relatively small sum was due, *held,* not an abuse of discretion.

Appeal from Kent; Perkins (Willis B.), J. Submitted October 10, 1934. (Docket No. 14, Calendar No. 37,814.) Decided December 10, 1934.

Assumpsit by Elmer Holmquist against P. Chris Sorenson and Michigan Surety Company, a Michigan corporation, for sums allegedly due on a parol construction contract. Judgment for defendants. Plaintiff appeals. Affirmed.

*Francis L. Williams,* for plaintiff.

*Rodgers & Dunn,* for defendant Sorenson.

*Shields, Silsbee, Ballard & Jennings,* for defendant Michigan Surety Company.

EDWARD M. SHARPE, J.   September 8, 1931, the city of Grand Rapids let a job for the construction of a sewer to Chris Sorenson with the Michigan Surety Company as the bonding company guaranteeing the performance of the work and payment of all bills in connection therewith.   Sorenson sublet the job of hauling the dirt and rock to plaintiff Holmquist and also hired Holmquist to keep the machinery in repair on the job at 50 cents per hour.   During the job Sorenson had the use of Holmquist's garage for about 40 days.

The amount of dirt and rock in the hole prior to excavation was 36,463 cubic yards and the amount of dirt actually hauled was 27,128 cubic yards, the amount of rock actually hauled was 8,335 cubic yards, there was also 1,000 cubic yards of rock not hauled.

The plaintiff claims that he was to be paid on the dirt haul at the rate of eight cents per cubic yard, the total to be the size of the hole or 36,463 cubic yards at a cost of $2,917.04 and for the rock at 25 cents for 9,335 cubic yards at a cost of $2,333.75.

Plaintiff also claims 1,091 hours of labor from September 22, 1931, to February 10, 1932, at 50 cents per hour or a total of $545.50.   In addition to these claims, plaintiff claims the reasonable value of four Sunday's work as a mechanic at one dollar per hour for 36 hours or $36, also the reasonable value of the use of his garage for 40 days or $40.

The defendant contends that the price agreed upon was 12 cents per cubic yard for the dirt and rock actually hauled, that this figure was arrived at by allowing 8 cents for dirt and 25 cents for rock,

and that nothing was to be paid for dirt or rock not actually hauled; that the amount of dirt and rock actually hauled was 35,463 cubic yards and at 12 cents the cost would be $4,255.56; that the personal labor performed by plaintiff began October 24th when the actual work on the sewer commenced and ended January 8, 1932, when plaintiff was laid off; that the total hours worked by plaintiff was 503-1/5 at 50 cents per hour or $251.70; that the use of the garage was to be paid for by defendant giving to plaintiff a certain machine and a blacksmith's forge; that the first claim made by plaintiff for Sunday work was when the bill of particulars was filed and that plaintiff has been over paid in the sum of $35.85.

The record also discloses that on October 24, 1931, plaintiff was paid $100 and he claims this payment was for personal service prior to that time. Plaintiff was also paid $100 February 15, 1932, and the statement shows that this amount was for labor. The defendant claims the first $100 was to apply on the general hauling account and the latter $100 was a mistake made by the bookkeeper and should not be credited to an unpaid labor charge. The trial court found in favor of the defendant and plaintiff appeals.

So far as plaintiff's claim for Sunday services are concerned, no claim was made for them prior to the time that the job was completed. There was never any special agreement for such services. During the time that work was in progress plaintiff was receiving his regular pay checks and never made any claim that the amount received each pay day was not correct. We think it now too late to make such a claim.

The matter of the price to be paid for hauling dirt and rock, the matter of personal wages due

plaintiff and the compensation to be paid for the use of the garage, are all questions that are in dispute. We have examined the record carefully and find that there is some evidence which bears out the defendant's theory and, as we have said upon numerous occasions, the trial court had the benefit of seeing the witnesses and hearing their testimony and is in a much better position to determine the credibility of the witnesses. We find no reason to disturb his findings.

Plaintiff contends that the court erred in allowing the defendant to amend his answer after the proofs had been submitted. The record discloses that the original defense filed August 15, 1932, was a general denial of plaintiff's claim. On November 22, 1932, the defendant amended his answer. The substance of this amended answer was that defendant admitted he owed plaintiff $30.92. The effect of the second amended answer was a contradiction in part of the first amended answer.

In *M. M. Gantz Co.* v. *Alexander,* 258 Mich. 695, this court said:

"The general statute of amendments (3 Comp. Laws 1929, § 14144 *et seq.*) is broad and is to be liberally construed. *Peacock* v. *Railway Co.,* 208 Mich. 403 (8 A. L. R. 964); *LaPlante* v. *DuPont,* 223 Mich. 343 (31 A. L. R. 694, 23 N. C. C. A. 1); *Wabash R. Co.* v. *Marshall,* 224 Mich. 593; *Gillen* v. *Wakefield State Bank,* 246 Mich. 158. The right to permit amendments, in accordance with the statute, is vested in the sound judgment and discretion of the trial court. It aims to abolish technical errors in proceedings and to have cases disposed of as nearly as possible in accordance with the substantial rights of the parties. We think the action of the trial court was fairly within his discretion. *Drake* v. *Railway Co.,* 69 Mich. 168 (13 Am. St. Rep. 382); *Barber* v.

*Howd*, 85 Mich. 221; *Dunn* v. *Detroit Savings Bank*, 118 Mich. 547; *Gerow* v. *Hyde*, 131 Mich. 442.''

We find no abuse of discretion on the part of the trial judge.

Judgment affirmed, with costs to defendants.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.