## M. M. GANTZ CO. v. ALEXANDER.

1. PLEADING—AMENDMENTS—STATUTES—CONSTRUCTION.
   General statute permitting amendment of pleading is broad and is to be liberally construed (3 Comp. Laws 1929, § 14144 *et seq.*).

2. SAME—DISCRETION OF COURT.
   Right to permit amendments to pleading, in accordance with statute, is vested in sound judgment and discretion of trial court; aim being to abolish technical errors and have cases disposed of as nearly as possible in accordance with substantial rights of parties (3 Comp. Laws 1929, § 14144 *et seq.*).

3. Same—Garnishment—Amended Disclosure.

> Granting garnishee defendant's motion for leave to file amended disclosure, showing no indebtedness to principal defendant, and correcting error in former disclosure, *held*, within discretion of trial court (3 Comp. Laws 1929, § 14144 *et seq.*).

Appeal from Oakland; Covert (Frank L.), J. Submitted April 7, 1932. (Docket No. 49, Calendar ' No. 35,646.) Decided June 6, 1932.

Action by M. M. Gantz Company, a Michigan corporation, against W. B. Alexander, principal defendant, and Clifford W. Ham, receiver for the Peoples State Trust & Savings Bank, garnishee defendant. On motions by garnishee defendant to file an amended disclosure and by plaintiff to enter judgment on original disclosure. Order for garnishee defendant. Plaintiff appeals. Affirmed.

*Patterson & Patterson,* for plaintiff.

*Ralph T. Keeling* and *Carl H. Pelton,* for garnishee defendant.

Potter, J. Plaintiff brought suit against defendant by summons. Garnishment proceedings were instituted against the Peoples State Trust & Savings Bank. Disclosure was filed July 15, 1929, showing liability to the principal defendant of $554.99. This disclosure was sworn to by Archie E. Allen, auditor of the bank. A motion was filed by plaintiff to enter judgment against the bank upon the disclosure for the amount disclosed. On the same day a motion was filed by the garnishee defendant for leave to file an amended disclosure, alleging an error had been made in the first disclosure, and, as a matter of fact, at the time the original disclosure was made

the bank was not indebted to the principal defendant, but the principal defendant was indebted to the bank. Both motions came on for hearing at the same time. Both were argued. The trial court found the first disclosure was erroneous and purely a mistake, permitted an amendment of the disclosure, denied the motion for a judgment, and permitted the garnishee defendant to file an amended disclosure which in effect amounted to denial of judgment for plaintiff. The general statute of amendments (3 Comp. Laws 1929, § 14144 *et seq.*) is broad and is to be liberally construed. *Peacock* v. *Railway Co.,* 208 Mich. 403 (8 A. L. R. 964); *La Plante* v. *DuPont,* 223 Mich. 343 (31 A. L. R. 694, 23 N. C. C. A. 1); *Wabash R. Co.* v. *Marshall,* 224 Mich. 593; *Gillen* v. *Wakefield State Bank,* 246 Mich. 158. The right to permit amendments, in accordance with the statute, is vested in the sound judgment and discretion of the trial court. It aims to abolish technical errors in proceedings and to have cases disposed of as nearly as possible in accordance with the substantial rights of the parties. We think the action of the trial court was fairly within his discretion. *Drake* v. *Railway Co.,* 69 Mich. 168 (13 Am. St. Rep. 382); *Barber* v. *Howd,* 85 Mich. 221; *Dunn* v. *Detroit Savings Bank,* 118 Mich. 547; *Gerow* v. *Hyde,* 131 Mich. 442.

Judgment is affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.