**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Marilyn Kelly

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway

FILED May 25, 2010

DONNA B. DeCOSTA,
            Plaintiff-Appellant,

v                                                          No. 137480

DAVID D. GOSSAGE, D.O., and
GOSSAGE EYE CENTER,
            Defendants-Appellees.

_____

BEFORE THE ENTIRE BENCH

WEAVER, J.

In this medical-malpractice case, we consider whether plaintiff satisfied the notice-of-intent requirements under MCL 600.2912b(2) when she timely mailed her notice of intent to file a claim (NOI) to defendants' prior address but defendants did not receive the NOI until after the expiration of the limitations period.[1] We conclude that plaintiff satisfied the mandates of MCL 600.2912b(2) because the statute states that "[p]roof of the mailing constitutes prima facie evidence of compliance with this section" and plaintiff mailed the NOI before the date the limitations period expired. The date defendants received the NOI is irrelevant.

_____

[1] The period of limitations for medical-malpractice actions is two years. MCL 600.5805(6).

Further, we conclude that the period of limitations was tolled in this case in light of the recent amendments of MCL 600.5856. In *Bush v Shabahang*, we recognized that while former MCL 600.5856(d) had been interpreted as precluding tolling when defects exist in an NOI, the current statute, MCL 600.5856(c), makes clear that whether tolling applies is determined by the timeliness of the NOI.[2] Thus, if an NOI is timely, the period of limitations is tolled despite defects contained therein. Plaintiff's NOI was timely, and accordingly the period of limitations was tolled. Further, *Bush* held that errors and defects in NOIs are to be addressed in light of MCL 600.2301, which allows the amendment of NOIs and requires the court to disregard "any error or defect" when the substantial rights of the parties are not affected and the amendment is in the furtherance of justice.[3] Because defendants actually received the forwarded copies of the NOI, they were not prejudiced by the fact that plaintiff timely mailed notice to their previous address and no substantial right of any party was affected. Moreover, it is in the furtherance of justice to disregard any error or defect in the NOI in this instance because to do so is in accord with the purpose of MCL 600.2912b, which is to promote settlement in place of formal litigation, thereby reducing the cost of medical-malpractice litigation while still providing compensation to injured plaintiffs.

Accordingly, we conclude that the Court of Appeals majority erred by ruling that plaintiff's notice was ineffective to toll the period of limitations because defendants

---

[2] *Bush v Shabahang*, 484 Mich 156, 161, 185; 772 NW2d 272 (2009).

[3] *Id*. at 185.

2

actually received the timely mailed NOI, which offered the opportunity for settlement in lieu of litigation. As there was no compromise of defendants' substantial rights and it is in the furtherance of justice to allow all parties to first seek settlement outside of court, we reverse the judgment of the Court of Appeals affirming the dismissal of plaintiff's complaint and remand this case to the trial court for further proceedings.

## I. FACTS AND PROCEDURAL BACKGROUND

Defendant David Gossage presently operates his business as the Gossage Eye Center in Hillsdale, Michigan. From October 2002 until February 2004, Dr. Gossage maintained his office at 46 South Howell Street (the Howell office) in Hillsdale. Plaintiff Donna DeCosta sought treatment from Dr. Gossage at the Howell office in June 2002. Plaintiff made several subsequent visits to the Howell office.

In February 2004, Dr. Gossage apparently moved his medical practice to 50 West Carleton Road (the Carleton office) in Hillsdale. In June 2004, plaintiff sought treatment by defendant at the Carleton office. Defendant performed cataract surgery on plaintiff's left eye on June 3, 2004. The surgery was performed at Hillsdale Community Health Center.

Plaintiff experienced several problems with her eye immediately following surgery, including vision loss and other complications. Plaintiff went back to defendant on June 4 and June 5, 2004, at the Carleton office, but her eye complications did not improve.

3

During her June 5 visit, defendant referred plaintiff to a retina specialist, Dr. Daniel Marcus of Toledo, Ohio. Dr. Marcus examined plaintiff in his office and later performed retinal surgery on plaintiff's left eye at Toledo Hospital. After this second surgery, plaintiff visited defendant at the Carleton office for a postoperative check. During this visit, defendant informed plaintiff that the postoperative lab results indicated that she was suffering from a coagulase-negative staphylococcal infection.

On November 20, 2006, plaintiff filed a medical-malpractice complaint against Dr. Gossage and defendant Gossage Eye Center (also referred to as the Gossage Eye Institute, P.L.C.), alleging unnecessary cataract surgery in unsanitary conditions, among other allegations. Under MCL 600.5805(6), a medical-malpractice claim must be brought within 2 years after the claim accrues—in this case, within 2 years of plaintiff's June 3, 2004 surgery performed by Dr. Gossage. Thus, plaintiff filed her medical-malpractice complaint more than 2 years after her June 3, 2004 surgery.

MCL 600.2912b(1) requires that before filing a medical-malpractice complaint, a plaintiff must give notice of the plaintiff's intent to file a claim. MCL 600.2912b(2) provides:

> The notice of intent to file a claim required under subsection (1) shall be mailed to the last known professional business address or residential address of the health professional or health facility who is the subject of the claim. Proof of the mailing constitutes prima facie evidence of compliance with this section. If no last known professional business or residential address can reasonably be ascertained, notice may be mailed to the health facility where the care that is the basis for the claim was rendered.

Under MCL 600.5856(c), giving the NOI tolls the period of limitations.

Plaintiff mailed copies of her NOI to Dr. Gossage and Gossage Eye Center on June 1, 2006—two days before the two-year limitations period was to expire on June 3, 2006.

On June 5, 2006, an unknown individual at the old Howell office address accepted and signed for copies of the NOI and forwarded them to defendants at the Carleton office. Defendants acknowledge receipt of the forwarded NOI on June 6, 2006, three days after the two-year limitations period expired. Plaintiff also mailed a second set of copies of the NOI to the Carleton office, but these were mailed on June 7, 2006, four days after the limitations period expired.

After plaintiff filed her complaint for medical malpractice, defendants moved for summary disposition on the ground that plaintiff did not comply with MCL 600.2912b(2) because she failed to mail the NOI to defendants' "last known professional business address" within two years from the date of the alleged malpractice. On May 16, 2007, the trial court granted defendants' motion for summary disposition, concluding that plaintiff had failed to comply with MCL 600.2912b(2) because she had not timely mailed the NOI to defendants' last known business address.

Plaintiff appealed, and on September 2, 2008, the Court of Appeals affirmed the trial court's judgment in a 2-1 decision. Dissenting Judge JANSEN acknowledged that plaintiff was aware of defendants' new address (since she had received treatment at the

5

Carleton office several times),[4] but Judge JANSEN could "perceive no evidence to suggest that plaintiff was aware that the new address was defendants' *sole* or *exclusive* address."[5]

Plaintiff appealed in this Court, and we directed the clerk of the Court to schedule oral argument on whether to grant the application or take other peremptory action.[6]

## II. STANDARD OF REVIEW

This Court reviews de novo issues of law.[7] We review a trial court's findings of fact for clear error.[8]

## III. ANALYSIS

With the enactment of MCL 600.2912b, our Legislature instituted a requirement that the alleged injured party in a medical-malpractice action provide advance notice to a defendant medical provider before filing a complaint. The advance-notice requirement encourages settlement of a dispute in lieu of costly litigation, and rigid interpretations of MCL 600.2912b do not foster or encourage the statute's goal of advancing settlement and reducing litigation costs.

---

[4] Between June and October 2004, plaintiff sought treatment approximately seven times at the Carleton office.

[5] *DeCosta v Gossage*, unpublished opinion per curiam of the Court of Appeals, issued September 2, 2008 (Docket No. 278665), p 2 (JANSEN, J., dissenting).

[6] *DeCosta v Gossage*, 483 Mich 963 (2009).

[7] *Odom v Wayne Co*, 482 Mich 459, 467; 760 NW2d 217 (2008).

[8] *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009).

6

In *Bush*, we analyzed the effect of the 2004 amendments of MCL 600.5856, the tolling statute, on previous decisions of this Court that held that any defect in an NOI required dismissal of the plaintiff's cause of action.[9] *Bush* held that while former MCL 600.5856(d) had been interpreted as precluding tolling when defects exist in an NOI, the current statute, MCL 600.5856(c), now makes clear that whether tolling applies is determined by the timeliness of the NOI.[10] Thus, if an NOI is timely, the period of limitations is tolled despite defects contained therein. Our decision in *Bush* restored adherence to the statute's true intent of promoting settlement by derailing strained interpretations regarding the adequacy of an NOI. Exceedingly exacting interpretations of the NOI mandates—requiring plaintiffs to take extraordinary measures to satisfy the goal of providing advance notice—in fact frustrate the legislative goal of achieving prompt resolution of medical-malpractice claims without long and expensive litigation. We decline to adopt any such interpretation because it was not the intent of the Legislature. As we held in *Bush*:

> The stated purpose of § 2912b was to provide a mechanism for "promoting settlement without the need for formal litigation, reducing the cost of medical malpractice litigation, and providing compensation for meritorious medical malpractice claims that would otherwise be precluded from recovery because of litigation costs . . . ." To hold that § 2912b in and of itself mandates dismissal with prejudice would complicate, prolong, and significantly increase the expense of litigation. Dismissal with prejudice would be inconsistent with these stated purposes. [*Bush*, 484 Mich at 174-

---

[9] See, e.g., *Boodt v Borgess Med Ctr*, 481 Mich 558, 561; 751 NW2d 44 (2008).

[10] *Bush*, 484 Mich at 161, 185.

175, citing Senate Legislative Analysis, SB 270, August 11, 1993, and House Legislative Analysis, HB 4403 to 4406, March 22, 1993.]

MCL 600.2912b does not require dismissal with prejudice because such a result is inconsistent with the statute's stated purpose.[11] Moreover, the Revised Judicature Act contains a mechanism for courts to cure defects in proceedings.[12] As we stated in *Bush*, service of an NOI is a part of a medical-malpractice proceeding.[13] Consequently, it is subject to MCL 600.2301. Pursuant to MCL 600.2301, errors or defects in the proceedings *shall* be disregarded as long as the "substantial rights of the parties" are not affected.[14]

In the present case, defendants urge us to dismiss plaintiff's case because plaintiff sent the NOI to an address that they allege is their prior business address. Defendants argue, and the Court of Appeals majority agreed, that because MCL 600.2912b requires that the NOI be mailed to the *last* known professional business address and plaintiff sent

---

[11] *Id.* at 174-175.

[12] MCL 600.2301 states:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. *The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.* [Emphasis added.]

[13] *Bush*, 484 Mich at 176.

[14] MCL 600.2301.

8

the notice to a *prior* address rather than their *new* address, the NOI was defective and the defect cannot be cured. We disagree.

First, we are not convinced that the process of mailing the NOI was defective. While the NOI may have been mailed to what defendants claim is a *previous* address, there is no indication in the record that this was defendants' sole address. Not only did the United States Postal Service deliver the mail to the Howell office address, but someone at that address accepted and signed for the certified mail. Further, someone at the Howell office address promptly forwarded the NOI to defendants at the Carleton office address. From these facts, we cannot infer that the Carleton office address was defendants' sole business address for purposes of receiving professional business correspondence.

Moreover, even if we assume that this was a defect, it was a minor technical defect in the proceedings because defendants actually received the NOI. Such minor technical defects can be cured under MCL 600.2301. The second prong of MCL 600.2301 *requires* that we disregard defects in proceedings that do not affect the substantial rights of the parties. Because the NOI was promptly forwarded and defendants actually received it, no substantial right of defendants was affected. Accordingly, MCL 600.2301 mandates that we disregard this purported defect. To find that an otherwise compliant NOI is not acceptable because defendants did not initially receive the NOI at their new address would be contrary to the legislative intent behind MCL 600.2912b: to foster early action and possible settlement in medical-malpractice matters that might otherwise result in costly litigation.

9

Moreover, it is in the furtherance of justice to disregard the defect in the NOI process in this instance because to do so is in accord with the purpose of MCL 600.2912b, which is to promote settlement in place of formal litigation, thereby reducing the cost of medical-malpractice litigation while still providing compensation to injured plaintiffs. Defendants additionally urge us to hold that plaintiff did not satisfy MCL 600.2912b(2) because defendants did not receive the NOI before the expiration of the period of limitations. However, we are not persuaded by this argument. MCL 600.2912b(2) states that "[p]roof of the mailing constitutes prima facie evidence of compliance with this section." The statute does not require that a defendant receive an NOI before the period of limitations expires. When a defendant receives the NOI is irrelevant. Because plaintiff mailed the NOI before the date the limitations period expired, it was timely. Further, we agree with Judge JANSEN, who declined to affirm the trial court's judgment given the trial court's own findings:

> I respectfully dissent from the majority's determination that the trial court properly dismissed plaintiff's complaint.
>
> MCL 600.2912b(2) provides:
>
> "The notice of intent to file a claim required under subsection (1) *shall be mailed to the last known professional business address or residential address of the health professional or health facility who is the subject of the claim. Proof of the mailing constitutes prima facie evidence of compliance with this section.* If no last known professional business or residential address can reasonably be ascertained, notice may be mailed to the health facility where the care that is the basis for the claim was rendered." [Emphasis added.]

* * *

10

. . . I cannot omit mention of the fact that defendants actually received plaintiff's initial notice of intent, which was forwarded from defendants' previous address to their new address. MCL 600.2301 directs that "[t]he court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties." In light of the fact that defendants actually received plaintiff's initial notice of intent, I must conclude that plaintiff's act of mailing the notice to defendants' previous address "d[id] not affect the substantial rights of the parties." MCL 600.2301. Because they actually received the forwarded notice of intent, defendants were not prejudiced by the fact that plaintiff happened to send the notice to their previous address. I would reverse and remand for reinstatement of plaintiff's complaint.[15]

## IV. CONCLUSION

Plaintiff satisfied the notice-of-intent requirements under MCL 600.2912b(2) when she timely mailed her NOI to defendants' prior address but defendants did not receive the NOI until after the expiration of the limitations period. MCL 600.2912b(2) states that "[p]roof of the mailing constitutes prima facie evidence of compliance with this section," and plaintiff mailed the NOI before the date the limitations period expired. The date defendants received the NOI is irrelevant.

Further, we conclude that the period of limitations was tolled in this case. If an NOI is timely, the period of limitations is tolled despite defects contained therein. MCL 600.2301 allows for the amendment of NOIs and requires the court to disregard "any error or defect" when the substantial rights of the parties are not affected and the amendment is in the furtherance of justice. Because defendants actually received the forwarded copies of the NOI, they were not prejudiced by the fact that plaintiff timely

---

[15] *DeCosta*, unpub op at 1-2 (JANSEN, J., dissenting).

mailed notice to the previous address, and no substantial right of any party was affected. Moreover, it is in the furtherance of justice to disregard any error or defect in the NOI in this instance.

Accordingly, we conclude that the Court of Appeals erred by finding that plaintiff's notice was ineffective to toll the period of limitations. We reverse the judgment of the Court of Appeals affirming the dismissal of plaintiff's complaint and remand this case to the trial court for further proceedings.

Reversed and remanded for reinstatement of plaintiff's complaint.

> Elizabeth A. Weaver
> Diane M. Hathaway


KELLY, C.J., and CAVANAGH, J. We concur in the result.
> Marilyn Kelly
> Michael F. Cavanagh

STATE OF MICHIGAN

SUPREME COURT

DONNA B. DeCOSTA,

      Plaintiff-Appellant,

v                          No. 137480

DAVID D. GOSSAGE, D.O., and
GOSSAGE EYE CENTER,

      Defendant-Appellee.

_____

MARKMAN, J. (*dissenting*).

Because I believe the plurality opinion disregards the language of MCL 600.2912b(2), I respectfully dissent. Contrary to the plurality opinion, I would affirm the judgment of the Court of Appeals, which, along with the trial court, correctly held that the statute of limitations barred plaintiff's medical malpractice action.

## I. NOTICE OF INTENT

Generally, medical malpractice actions must be brought within two years from the date that the alleged medical malpractice occurred or within six months of when the plaintiff discovered or should have discovered the claim. MCL 600.5805(6); MCL 600.5838a. However, MCL 600.5856(c) allows for the tolling of the period of limitations[1] when the plaintiff has provided a notice of intent to bring a medical

_____

[1] MCL 600.5856 provides in relevant part:

malpractice action to the defendant in order to accommodate the required "waiting period" between the time of the notice and the time of the filing of the complaint.[2]  In the instant case, plaintiff filed her complaint two years and five months after the alleged malpractice had occurred, well beyond the period of limitations.  Thus, in order for plaintiff not to be barred from bringing her claim, the period of limitations must have been tolled.  To toll it, plaintiff was required to provide defendants with a notice of intent before the limitations period expired, and MCL 600.2912b(2) requires that the notice be mailed to the "last known professional business address or residential address" of defendants.

Here, defendants moved their practice from 46 S. Howell Street to 50 W. Carleton Road, both in Hillsdale, in February 2004.  The alleged malpractice occurred at the new

---

The statutes of limitations or repose are tolled in any of the following circumstances:

* * *

(c) At the time notice is given in compliance with the applicable notice period under [MCL 600.2912b], if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

[2] MCL 600.2912b(1) provides:

Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

2

address on June 3, 2004, four months after defendants moved their practice. Nevertheless, plaintiff mailed copies of the notice of intent to defendants' old business address on June 1, 2006, two days before the two-year limitations period expired on June 3, 2006. An unidentified person at 46 S. Howell Street signed for them on June 5, 2006, and forwarded the notices to defendants. However, defendants did not receive the forwarded notices until June 6, 2010.[3]

Thus, the question here is whether the requirement of MCL 600.2912b(2) that the notice of intent be mailed to the "last known professional business address" is satisfied when the notices were mailed to the wrong address-- an address at which defendants had not practiced for almost 2½ years-- before the limitations period expired, but received by defendants after the limitations period expired. The plurality states that the requirement has been satisfied because defendants actually received the notices, albeit after the expiration of the limitations period. I disagree because I do not believe that the limitations period was tolled by plaintiff's faulty notices, and, accordingly, plaintiff's action was barred.

In interpreting statutes, this Court is obligated "to ascertain the legislative intent that may reasonably be inferred from the words expressed in the statute." *Koontz v Ameritech Services, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). "If the statutory language is clear and unambiguous, then we conclude that the Legislature intended the

_____

[3] Plaintiff also mailed copies of a second notice that were properly addressed on June 7, 2006, after the limitations period had expired.

3

meaning it clearly and unambiguously expressed, and the statute is enforced as written." *Huggett v Dep't of Natural Resources*, 464 Mich 711, 717; 629 NW2d 915 (2001). As we stated in *Koontz*, "[b]ecause the proper role of the judiciary is to interpret and not write the law, courts simply lack authority to venture beyond the unambiguous text of a statute." *Koontz*, 466 Mich at 312. In determining the common and ordinary meaning of a nonlegal word or phrase, consulting a lay dictionary is appropriate. *Title Office, Inc v Van Buren Co Treasurer*, 469 Mich 516, 522; 676 NW2d 207 (2004).

MCL 600.2912b(2), which is in dispute, provides:

> The notice of intent to file a claim required under [MCL 600.2912b(1)] shall be mailed to the last known professional business address or residential address of the health professional or health facility who is the subject of the claim. Proof of the mailing constitutes prima facie evidence of compliance with this section. If no last known professional business or residential address can reasonably be ascertained, notice may be mailed to the health facility where the care that is the basis for the claim was rendered.

The phrase "last known professional business address" means the last address from which the defendant operated a business; this language is clear and requires no further construction. The plaintiff "shall" mail the notice of intent to that address. Only if this address cannot be "reasonably" ascertained may the plaintiff alternatively satisfy MCL 600.2912b(2) by mailing the notice to the "health facility where the care that is the basis for the claim was rendered."

Here, plaintiff claims that defendants' last known professional business address was 46 S. Howell Street. To support this claim, plaintiff provided a letter from defendants with 46 S. Howell Street on the letterhead. However, this letter was from

4

2002. It merely demonstrates that in 2002 defendants' business address was 46 S. Howell Street. It does not demonstrate what defendants' professional business address was when the notices of intent were mailed on June 1, 2006. Additionally, plaintiff claims that "online materials indicate that Dr. Gossage still maintains a practice" on Howell Street and supports this claim with a printout from a web site called "LocateADoc.com." However, there is nothing to indicate that this website was created or maintained by defendants, and plaintiff makes no showing that this website is routinely updated or constitutes a reliable source of information.[4] None of this, individually or taken together, is nearly enough to demonstrate that plaintiff undertook steps to reasonably ascertain defendants' last known professional business address.

Further, as the trial court correctly observed, defendants' last known professional business address was "easy to look up" in the phone book.[5] Plaintiff herself visited the Carleton Road office on numerous occasions. In fact, defendants treated plaintiff

---

[4] Plaintiff also presented letters from a doctor addressed to defendants at 46 S. Howell Street in 2004, after defendants had moved their office. This shows nothing more than that another person, not under any legal obligation to reasonably ascertain an address, as was plaintiff, also sought to communicate with defendants at a then incorrect address.

[5] The trial court also observed that while the Hillsdale Community Health Center, the hospital at which plaintiff's surgery occurred and that was apparently identified as a potential defendant, has been located at 168 S. Howell Street in Hillsdale for more than 30 years, the notice of intent for the hospital was addressed to 50 W. Carleton Road. There is nothing in the record that explains what happened to the notice that was mailed to the hospital other than that someone signed for it. The trial court speculated that a letter carrier may have delivered the hospital's notice to the proper address because the location of the hospital is common knowledge.

exclusively at 50 W. Carleton Road for *all* visits relevant to the asserted malpractice. And plaintiff went to 50 W. Carleton Road to pick up her medical records. Finally, there is nothing in the record to indicate that defendants continued to maintain any practice at 46 S. Howell Street after February 2004 or, contrary to the assertions of the plurality and the Court of Appeals dissent, that plaintiff believed in any way that defendants had more than one professional business address.[6] Plaintiff cannot credibly claim that she reasonably believed that defendants' last known address was anything but 50 W. Carleton Road.

The plurality asserts that proof of mailing the notices of intent was prima facie evidence that plaintiff complied with MCL 600.2912b(2), and since defendants eventually received the notices, even though they were mailed to the wrong address, they were nonetheless timely.[7] However, Black's Law Dictionary (8th ed) defines "prima facie evidence" as "[e]vidence that will establish a fact or sustain a judgment unless

---

[6] The Court of Appeals dissent "perceive[d] no evidence to suggest that plaintiff was aware that the new address was defendants' *sole* or *exclusive* address" and asserted that "[t]he language of [MCL] 600.2912b(2) simply does not take into account the fact that some . . . health care professionals maintain more than one professional address at any given time." *DeCosta v Gossage*, unpublished per curiam opinion of the Court of Appeals, issued September 2, 2008 (Docket No. 278665), p 2 (JANSEN, J., dissenting) (emphasis in original). The plurality agrees. However, this assessment is irrelevant. First, it can just as easily be said that there is no evidence to suggest that plaintiff was aware that defendants *still* maintained a practice at 46 S. Howell Street. Second, and more to the point, the extent of plaintiff's subjective knowledge does not define the statutory test; rather, it is whether the plaintiff took steps to reasonably ascertain the last known address.

[7] MCL 600.2912b(2) provides that "[p]roof of the mailing constitutes prima facie evidence of compliance with this section."

contradictory evidence is produced." Accordingly, while proof of mailing may well provide prima facie evidence that the notice of intent was mailed to the last known professional business address, this evidence may be rebutted, as it clearly was in this case.[8]

While the plurality asserts that proof of mailing constitutes prima facie evidence of compliance with MCL 600.2912b(2), it altogether ignores that MCL 600.2912b(2) requires a plaintiff to "reasonably" ascertain the "last known professional business address" and to mail the notice of intent to *that* address. Instead of adhering to ordinary rules of interpretation, the plurality asserts that "rigid," "strained," and "[e]xceedingly exacting interpretations" of the notice of intent requirements "frustrate the legislative goal," which is presumably something other than what was actually stated by the Legislature. However, this Court is obligated to determine legislative intent "from the words expressed in the statute." *Koontz*, 466 Mich at 312. In my judgment, the plurality's interpretation of MCL 600.2912b(2) "venture[s] [far] beyond the unambiguous text of the statute." *Id.*

---

[8] The plurality also asserts that because the United States Postal Service delivered the copies of the notice and an unidentified person at 46 S. Howell Street signed for them and forwarded the copies to defendants, it cannot be inferred that defendants' new address was their sole business address. I see no logical connection between these facts and the plurality's conclusion. Again, these facts are at most prima facie evidence that the notices were mailed. There is no evidence to indicate who actually signed for the notices or that this person was in any way associated with defendants. Further, the fact that someone at 46 S. Howell Street signed for the notices is irrelevant to whether defendants' practice was located there. It indisputably was not.

7

Plaintiff also claims that defendants received actual notice and that this Court should hold that such notice is a legally adequate substitute for the statutorily required notice. Plaintiff cites California and Florida law, claiming that their medical malpractice statutes are similar to Michigan's and that both states allow for actual notice as an adequate substitute. However, the cases on which plaintiff relies are clearly distinguishable because they provide that actual notice is sufficient if the notice of intent has either been received,[9] or if the notice has been mailed via regular mail in a *properly addressed* envelope,[10] before the limitations period has expired. In the case at bar, the notices of intent were not received until after the limitations period had expired, and plaintiff failed to properly address the envelopes.

In summary, plaintiff failed to reasonably ascertain defendants' last known professional business address as required under MCL 600.2912b(2) and, as a

---

[9] In *Jones v Catholic Healthcare West*, 147 Cal App 4th 300, 307-308; 54 Cal Rptr 3d 148 (2007), the court held that a notice of intent delivered via fax on the day the limitations period expired was sufficient notice because California's notice of intent statute did not require a specific method of service. In *Patry v Capps*, 633 So 2d 9, 10-11 (Fla, 1994), the plaintiff hand-delivered the notice of intent, contrary to the statute's requirement to serve the notice by certified mail, before the limitations period expired. The court concluded that certified mail was a "method for verifying significant dates in the process" and the "defendant acknowledge[d] timely receipt of written notice . . . ." *Id*. at 12.

[10] In *Silver v McNamee*, 69 Cal App 4th 269, 272; 81 Cal Rptr 2d 445 (1999), the plaintiff mailed two notices of intent to the defendant, one by regular mail and one by certified mail, three days before the limitations period expired. While the certified letter was returned unclaimed, the regular mail letter was not. *Id*. at 274. Because the notices of intent were properly addressed, the court concluded that the plaintiff complied with the statute and that the defendant had actual notice. *Id*. at 280.

8

consequence, mailed the notices of intent to the wrong address. Although the notices were mailed before the limitations period expired, defendants did not receive the notices until after the limitations period had expired. Accordingly, the notices of intent were not timely and did not toll the period of limitations.

## II. *BUSH v SHABAHANG*

In its application of MCL 600.2301, the plurality purports to extend *Bush v Shabahang*, 484 Mich 156; 772 NW2d 272 (2009), another decision according little consideration to the actual language of relevant statutes, to a notice of intent mailed to the wrong address.[11] *Bush* formulated a test to determine whether MCL 600.2301 is applicable when the substantive content of the notice of intent is defective, *id*. at 177, and held that "when [a notice of intent] is *timely*, the statute of limitations is tolled despite defects contained therein," *id*. at 185 (emphasis added). Here, the plurality would sustain even an *untimely* notice of intent.

To determine whether MCL 600.2301 should be applied to a defective notice of intent, the majority established a two-pronged test in *Bush*:

---

[11] MCL 600.2301 provides:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

The purpose of MCL 600.2301 is "to abolish technical errors in proceedings and to have cases disposed of as nearly as possible in accordance with the substantial rights of the parties." *M M Gantz Co v Alexander*, 258 Mich 695, 697; 242 NW 813 (1932).

9

[F]irst, whether a substantial right of a party is implicated and, second, whether a cure is in the furtherance of justice. If both of these prongs are satisfied, a cure will be allowed "on such terms as are just." . . . Defendants who receive these notices are sophisticated health professionals with extensive medical background and training. . . . Accordingly, we conclude that no substantial right of a health care provider is implicated. Further, we hold that the second prong of the test, which requires that the cure be in the furtherance of justice, is satisfied when a party makes a good-faith attempt to comply with the content requirements of [MCL 600.2912b]. Thus, only when a plaintiff has not made a good-faith attempt to comply with [MCL 600.2912b(4)] should a trial court consider dismissal of an action without prejudice. [*Bush*, 484 Mich at 177-178.]

In my dissent in *Bush*, I observed that the majority had provided no guidance for the application of its new test, *id.* at 199 n 10, and such guidance has still not been provided. Concerning the first prong, the plurality simply declares that even though plaintiff failed to comply with MCL 600.2912b(2), and even though defendants did not receive the notices of intent until after the limitations period expired, defendants' substantial rights have not been affected and the notices were "timely" because defendants received actual notice. According to the plurality, because the purpose of MCL 600.2912b is to promote settlements of medical malpractice claims, it is in the "furtherance of justice" to disregard the defect here. The plurality also disregards the second prong of the *Bush* test, namely, that plaintiff has made a "good-faith attempt" to comply with the law. *Id*. at 178. In defining its own test, it is clear that nothing really matters except that the plurality dislikes medical malpractice reforms and that it will not permit such reforms, or any other contrary determinations of the Legislature, to impede the progress of this lawsuit.

Applying the test in *Bush*, MCL 600.2301 is inapplicable to the instant case. First, defendants' substantial rights, in particular, the right not to be sued beyond the expiration

10

of the limitations period, *are* affected. In *Bigelow v Walraven*, 392 Mich 566, 576; 221 NW2d 328 (1974), this Court explained the purpose behind the statutes of limitations:

> Statutes of limitations are intended to "compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend"; "to relieve a court system from dealing with 'stale' claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured"; and to *protect "potential defendants* from protracted fear of litigation." [Citation omitted; emphasis added.] [12]

Statutes of limitations have multiple purposes, among which are the maintenance of the psychological well-being of potential defendants by setting forth time limits on their exposure to litigation and the protection of defendants' practical interests in being able to effectively defend themselves against lawsuits that are not excessively stale and in which evidence has not been lost over time. While a plaintiff has a right to sue a defendant *before* the limitations period expires, a defendant has an equivalent right not to be sued *after* the limitations period expires. So the question here is whether this right constitutes a "substantial right." *Bush*, 484 Mich at 177. Black's Law Dictionary (8th ed), p 1349, defines "substantial right" as "[a]n essential right that potentially affects the outcome of a lawsuit and is capable of legal enforcement and protection, as distinguished from a mere technical or procedural right." In *People v Carines*, 460 Mich 750, 763; 597 NW2d 130

---

[12] See also *O'Brien v Hazelet & Erdal*, 410 Mich 1, 14; 299 NW2d 336 (1980) (stating that statutes of limitations "serve the permissible legislative objective of relieving defendants of the burden of defending claims brought after the time so established"), and *Stephens v Dixon*, 449 Mich 531, 534; 536 NW2d 755 (1995) ("Statutes of limitation are procedural devices intended to promote judicial economy and the rights of defendants.").

(1999), we explained that to demonstrate that substantial rights are affected "generally requires a showing of prejudice . . . ."[13]

Statutes of limitations are not procedural; rather, they "are substantive in nature." *Gladych v New Family Homes, Inc*, 468 Mich 594, 600; 664 NW2d 705 (2003). A defendant's right to not be sued after the limitations period has expired is not a mere procedural right. Rather, this right pertains to matters that are dispositive and outcome-determinative. If the limitations period has expired, then a plaintiff is barred from pursuing an action, regardless of its merits. Defendants' entirely substantial rights were affected because the limitations period expired before plaintiff properly mailed the notices of intent to defendants. Absent authority, a majority of justices have revived a lawsuit that became null and void the moment the period of limitations expired without the statutorily required notice of intent having been properly sent by plaintiff.

Second, even if defendants' substantial rights had not been affected under the first prong of *Bush*, plaintiff clearly did not make a good-faith attempt to comply with the statute as required by *Bush*'s second prong. Specifically, plaintiff did not make a good-faith attempt to comply with MCL 600.2912b(2). As already discussed, plaintiff was well aware that defendants' last known professional business address was 50 W. Carleton Road because all office visits related to the alleged malpractice had occurred at this address. Plaintiff asserts that she was not aware that defendants only had one place of

---

[13] In *Carines*, substantial rights were discussed in the context of the "plain error rule." This Court explained that a showing of prejudice means "that the error affected the outcome of the lower court proceedings." *Carines*, 460 Mich at 763.

business; that is, she asserts that she believed that defendants conducted business at 46 S. Howell Street *and* 50 W. Carleton Road. However, the facts here indicate that plaintiff also mailed the notice of intent to Hillsdale Community Health Center at 50 W. Carleton. The hospital's address is 168 S. Howell Street, and it has never been located at 50 W. Carleton.[14] This fact tends to disprove plaintiff's claim that she engaged in a good-faith effort to determine defendants' address, or that she believed defendants had more than one address. Plaintiff not only mailed the notices of intent for defendants to the wrong address, but she also mailed the notice for the hospital to the wrong address. Moreover, it is clear that plaintiff was aware of defendants' new address because she mailed the *hospital's* notice to that address. Thus, plaintiff neither made a reasonable effort to ascertain defendants' address, as required by MCL 600.2912b(2), nor a good-faith effort to "reasonably" ascertain defendants' address, as required under the rule in *Bush*. Plaintiff was not earnest or conscientious in any way in her effort to locate defendants' address in the small community of Hillsdale, Michigan; she was simply careless and this carelessness is legally relevant under the statute.

The plurality concludes that *when* a defendant receives notice is irrelevant under MCL 600.2919b(2) because this provision does not require that a defendant actually receive notice before the limitations period has expired. Rather, the plurality appears to believe it is the law of this state that as long as a plaintiff mailed the notice of intent

---

[14] The trial court took "judicial notice to the fact that the Hillsdale Community Health Center has been located in the same place . . . for over 30 years, and that [it] is located at 168 S. Howell Street, Hillsdale. . . . It's not 50 W. Carleton."

before the limitations period expired, such notice is timely-- without regard to whether the plaintiff took steps to reasonably ascertain the defendant's last known professional business address, without regard to whether the defendant's substantial rights were affected, and without regard to whether the plaintiff made a good-faith effort to comply with MCL 600.2912b(2). In the end, the plurality would rewrite MCL 600.2912b(2) in a way that not only disregards this Court's prior decisions, but also frustrates the express intentions of the Legislature.

### III. CONCLUSION

In sum, I disagree with the plurality because it disregards the language of MCL 600.2912b(2) and would create an "actual notice" rule that allows the period of limitations to be tolled as long as an improperly addressed notice was mailed before the limitations period expired and the notice is eventually received by a defendant. Furthermore, I disagree with the plurality's efforts to extend *Bush* to MCL 600.2912b(2) in which the plurality does not even adhere to its own test formulated only last year. The plurality has reached their desired result with little serious analysis and with nothing offered in the way of a legal roadmap of how they arrived there and where they might arrive in the next case.

Stephen J. Markman
Maura D. Corrigan
Robert P. Young, Jr.

14