Markman, J.
(dissenting). Because I believe the plurality opinion disregards the language of MCL 600.2912b(2), I respectfully dissent. Contrary to the plurality opinion, I would affirm the judgment of the Court of Appeals, which, along with the trial court, correctly held that the statute of limitations barred plaintiffs medical malpractice action.
I. NOTICE OF INTENT
Generally, medical malpractice actions must be brought within two years from the date that the alleged medical malpractice occurred or within six months of when the plaintiff discovered or should have discovered the claim. MCL 600.5805(6); MCL 600.5838a. However, MCL 600.5856(c) allows for the tolling of the period of limitations[1] when the plaintiff has provided a notice of intent to bring a medical malpractice action to the *129 defendant in order to accommodate the required “waiting period” between the time of the notice and the time of the filing of the complaint. [2] In the instant case, plaintiff filed her complaint two years and five months after the alleged malpractice had occurred, well beyond the period of limitations. Thus, in order for plaintiff not to be barred from bringing her claim, the period of limitations must have been tolled. To toll it, plaintiff was required to provide defendants with a notice of intent before the limitations period expired, and MCL 600.2912b(2) requires that the notice be mailed to the “last known professional business address or residential address” of defendants.
Here, defendants moved their practice from 46 S. Howell Street to 50 W Carleton Road, both in Hillsdale, in February 2004. The alleged malpractice occurred at the new address on June 3, 2004, four months after defendants moved their practice. Nevertheless, plaintiff mailed copies of the notice of intent to defendants’ old business address on June 1, 2006, two days before the two-year limitations period expired on June 3, 2006. An unidentified person at 46 S. Howell Street signed for them on June 5, 2006, and forwarded the notices to defendants. However, defendants did not receive the forwarded notices until June 6, 2006.[3]
*130 Thus, the question here is whether the requirement of MCL 600.2912b(2) that the notice of intent be mailed to the “last known professional business address” is satisfied when the notices were mailed to the wrong address — an address at which defendants had not practiced for almost 2V2 years — before the limitations period expired, but received by defendants after the limitations period expired. The plurality states that the requirement has been satisfied because defendants actually received the notices, albeit after the expiration of the limitations period. I disagree because I do not believe that the limitations period was tolled by plaintiffs faulty notices, and, accordingly, plaintiffs action was barred.
In interpreting statutes, this Court is obligated “to ascertain the legislative intent that may reasonably be inferred from the words expressed in the statute.” Koontz v Ameritech Services, Inc, 466 Mich 304, 312; 645 NW2d 34 (2002). “If the statutory language is clear and unambiguous, then we conclude that the Legislature intended the meaning it clearly and unambiguously expressed, and the statute is enforced as written.” Huggett v Dep’t of Natural Resources, 464 Mich 711, 717; 629 NW2d 915 (2001). As we stated in Koontz, “[b]ecause the proper role of the judiciary is to interpret and not write the law, courts simply lack authority to venture beyond the unambiguous text of a statute.” Koontz, 466 Mich at 312. In determining the common and ordinary meaning of a nonlegal word or phrase, consulting a lay dictionary is appropriate. Title Office, Inc v Van Buren Co Treasurer, 469 Mich 516, 522; 676 NW2d 207 (2004).
MCL 600.2912b(2), which is in dispute, provides:
The notice of intent to file a claim required under [MCL 600.2912b(l)] shall be mailed to the last known profes *131 sional business address or residential address of the health professional or health facility who is the subject of the claim. Proof of the mailing constitutes prima facie evidence of compliance with this section. If no last known professional business or residential address can reasonably be ascertained, notice may be mailed to the health facility where the care that is the basis for the claim was rendered.
The phrase “last known professional business address” means the last address from which the defendant operated a business; this language is clear and requires no further construction. The plaintiff “shall” mail the notice of intent to that address. Only if this address cannot be “reasonably” ascertained may the plaintiff alternatively satisfy MCL 600.2912b(2) by mailing the notice to the “health facility where the care that is the basis for the claim was rendered.”
Here, plaintiff claims that defendants’ last known professional business address was 46 S. Howell Street. To support this claim, plaintiff provided a letter from defendants with 46 S. Howell Street on the letterhead. However, this letter was from 2002. It merely demonstrates that in 2002 defendants’ business address was 46 S. Howell Street. It does not demonstrate what defendants’ professional business address was when the notices of intent were mailed on June 1, 2006. Additionally, plaintiff claims that “online materials indicate that Dr. Gossage still maintains a practice” on Howell Street and supports this claim with a printout from a web site called “LocateADoc.com.” However, there is nothing to indicate that this website was created or maintained by defendants, and plaintiff makes no showing that this website is routinely updated or constitutes a reliable source of information.[4] None of this, individually or *132 taken together, is nearly enough to demonstrate that plaintiff undertook steps to reasonably ascertain defendants’ last known professional business address.
Further, as the trial court correctly observed, defendants’ last known professional business address was “easy to look up” in the phone book.[5] Plaintiff herself visited the Carleton Road office on numerous occasions. In fact, defendants treated plaintiff exclusively at 50 W Carleton Road for all visits relevant to the asserted malpractice. And plaintiff went to 50 W Carleton Road to pick up her medical records. Finally, there is nothing in the record to indicate that defendants continued to maintain any practice at 46 S. Howell Street after February 2004 or, contrary to the assertions of the plurality and the Court of Appeals dissent, that plaintiff believed in any way that defendants had more than one professional business address.[6] Plaintiff cannot credibly *133 claim that she reasonably believed that defendants’ last known address was anything but 50 W Carleton Road.
The plurality asserts that proof of mailing the notices of intent was prima facie evidence that plaintiff complied with MCL 600.2912b(2), and since defendants eventually received the notices, even though they were mailed to the wrong address, they were nonetheless timely.[7] However, Black’s Law Dictionary (8th ed) defines “prima facie evidence” as “[e]vidence that will establish a fact or sustain a judgment unless contradictory evidence is produced.” Accordingly, while proof of mailing may well provide prima facie evidence that the notice of intent was mailed to the last known professional business address, this evidence may be rebutted, as it clearly was in this case.[8]
While the plurality asserts that proof of mailing constitutes prima facie evidence of compliance with MCL 600.2912b(2), it altogether ignores that MCL 600.2912b(2) requires a plaintiff to “reasonably” ascertain the “last known professional business address” and *134 to mail the notice of intent to that address. Instead of adhering to ordinary rules of interpretation, the plurality asserts that “rigid,” “strained,” and “[exceedingly exacting interpretations” of the notice of intent requirements “frustrate the legislative goal,” which is presumably something other than what was actually stated by the Legislature. However, this Court is obligated to determine legislative intent “from the words expressed in the statute.” Koontz, 466 Mich at 312. In my judgment, the plurality’s interpretation of MCL 600.2912b(2) “venture[s] [far] beyond the unambiguous text of the statute.” Id.
Plaintiff also claims that defendants received actual notice and that this Court should hold that such notice is a legally adequate substitute for the statutorily required notice. Plaintiff cites California and Florida law, claiming that their medical malpractice statutes are similar to Michigan’s and that both states allow for actual notice as an adequate substitute. However, the cases on which plaintiff relies are clearly distinguishable because they provide that actual notice is sufficient if the notice of intent has either been received,[9] or if the notice has been mailed via regular mail in a properly addressed envelope,[10] before the limitations period has *135 expired. In the case at bar, the notices of intent were not received until after the limitations period had expired, and plaintiff failed to properly address the envelopes.
In summary, plaintiff failed to reasonably ascertain defendants’ last known professional business address as required under MCL 600.2912b(2) and, as a consequence, mailed the notices of intent to the wrong address. Although the notices were mailed before the limitations period expired, defendants did not receive the notices until after the limitations period had expired. Accordingly, the notices of intent were not timely and did not toll the period of limitations.
II. BUSH v SHABAHANG
In its application of MCL 600.2301, the plurality purports to extend Bush v Shabahang, 484 Mich 156; 772 NW2d 272 (2009), another decision according little consideration to the actual language of relevant statutes, to a notice of intent mailed to the wrong address. [11] Bush formulated a test to determine whether MCL 600.2301 is applicable when the substantive content of *136 the notice of intent is defective, id. at 177, and held that “when [a notice of intent] is timely, the statute of limitations is tolled despite defects contained therein,” id. at 185 (emphasis added). Here, the plurality would sustain even an untimely notice of intent.
To determine whether MCL 600.2301 should be applied to a defective notice of intent, the majority established a two-pronged test in Bush:
[F]irst, whether a substantial right of a party is implicated and, second, whether a cure is in the furtherance of justice. If both of these prongs are satisfied, a cure will be allowed “on such terms as are just.” ... Defendants who receive these notices are sophisticated health professionals with extensive medical background and training.... Accordingly, we conclude that no substantial right of a health care provider is implicated. Further, we hold that the second prong of the test, which requires that the cure be in the furtherance of justice, is satisfied when a party makes a good-faith attempt to comply with the content requirements of [MCL 600.2912b]. Thus, only when a plaintiff has not made a good-faith attempt to comply with [MCL 600.2912b(4)] should a trial court consider dismissal of an action without prejudice. [Bush, 484 Mich at 177-178.]
In my dissent in Bush, I observed that the majority had provided no guidance for the application of its new test, id. at 199 n 10, and such guidance has still not been provided. Concerning the first prong, the plurality simply declares that even though plaintiff failed to comply with MCL 600.2912b(2), and even though defendants did not receive the notices of intent until after the limitations period expired, defendants’ substantial rights have not been affected and the notices were “timely” because defendants received actual notice. According to the plurality, because the purpose of MCL 600.2912b is to promote settlements of medical malpractice claims, it is in the “furtherance of justice” to *137 disregard the defect here. The plurality also disregards the second prong of the Bush test, namely, that plaintiff has made a “good-faith attempt” to comply with the law. Id. at 178. In defining its own test, it is clear that nothing really matters except that the plurality dislikes medical malpractice reforms and that it will not permit such reforms, or any other contrary determinations of the Legislature, to impede the progress of this lawsuit.
Applying the test in Bush, MCL 600.2301 is inapplicable to the instant case. First, defendants’ substantial rights, in particular, the right not to be sued beyond the expiration of the limitations period, are affected. In Bigelow v Walraven, 392 Mich 566, 576; 221 NW2d 328 (1974), this Court explained the purpose behind the statutes of limitations:
Statutes of limitations are intended to “compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend”; “to relieve a court system from dealing with ‘stale’ claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured”; and to protect “potential defendants from protracted fear of litigation.” [Citation omitted; emphasis added.][12]
Statutes of limitations have multiple purposes, among which are the maintenance of the psychological well-being of potential defendants by setting forth time limits on their exposure to litigation and the protection of defendants’ practical interests in being able to effectively defend themselves against lawsuits that are not *138 excessively stale and in which evidence has not been lost over time. While a plaintiff has a right to sue a defendant before the limitations period expires, a defendant has an equivalent right not to be sued after the limitations period expires. So the question here is whether this right constitutes a “substantial right.” Bush, 484 Mich at 177. Black’s Law Dictionary (8th ed), p 1349, defines “substantial right” as “[a]n essential right that potentially affects the outcome of a lawsuit and is capable of legal enforcement and protection, as distinguished from a mere technical or procedural right.” In People v Carines, 460 Mich 750, 763; 597 NW2d 130 (1999), we explained that to demonstrate that substantial rights are affected “generally requires a showing of prejudice ... ,”[13]
Statutes of limitations are not procedural; rather, they “are substantive in nature.” Gladych v New Family Homes, Inc, 468 Mich 594, 600; 664 NW2d 705 (2003). A defendant’s right to not be sued after the limitations period has expired is not a mere procedural right. Rather, this right pertains to matters that are dispositive and outcome-determinative. If the limitations period has expired, then a plaintiff is barred from pursuing an action, regardless of its merits. Defendants’ entirely substantial rights were affected because the limitations period expired before plaintiff properly mailed the notices of intent to defendants. Absent authority, a majority of justices have revived a lawsuit that became null and void the moment the period of limitations expired without the statutorily required notice of intent having been properly sent by plaintiff.
*139 Second, even if defendants’ substantial rights had not been affected under the first prong of Bush, plaintiff clearly did not make a good-faith attempt to comply with the statute as required by Bush’s second prong. Specifically, plaintiff did not make a good-faith attempt to comply with MCL 600.2912b(2). As already discussed, plaintiff was well aware that defendants’ last known professional business address was 50 W. Carleton Road because all office visits related to the alleged malpractice had occurred at this address. Plaintiff asserts that she was not aware that defendants only had one place of business; that is, she asserts that she believed that defendants conducted business at 46 S. Howell Street and 50 W. Carleton Road. However, the facts here indicate that plaintiff also mailed the notice of intent to Hillsdale Community Health Center at 50 W. Carleton. The hospital’s address is 168 S. Howell Street, and it has never been located at 50 W. Carleton.[14] This fact tends to disprove plaintiffs claim that she engaged in a good-faith effort to determine defendants’ address, or that she believed defendants had more than one address. Plaintiff not only mailed the notices of intent for defendants to the wrong address, but she also mailed the notice for the hospital to the wrong address. Moreover, it is clear that plaintiff was aware of defendants’ new address because she mailed the hospital’s notice to that address. Thus, plaintiff neither made a reasonable effort to ascertain defendants’ address, as required by MCL 600.2912b(2), nor a good-faith effort to “reasonably” ascertain defendants’ address, as required under the rule in Bush. Plaintiff was not earnest or conscientious in any way in *140 her effort to locate defendants’ address in the small community of Hillsdale, Michigan; she was simply careless and this carelessness is legally relevant under the statute.
The plurality concludes that when a defendant receives notice is irrelevant under MCL 600.2912b(2) because this provision does not require that a defendant actually receive notice before the limitations period has expired. Rather, the plurality appears to believe it is the law of this state that as long as a plaintiff mailed the notice of intent before the limitations period expired, such notice is timely — without regard to whether the plaintiff took steps to reasonably ascertain the defendant’s last known professional business address, without regard to whether the defendant’s substantial rights were affected, and without regard to whether the plaintiff made a good-faith effort to comply with MCL 600.2912b(2). In the end, the plurality would rewrite MCL 600.2912b(2) in a way that not only disregards this Court’s prior decisions, but also frustrates the express intentions of the Legislature.
III. CONCLUSION
In sum, I disagree with the plurality because it disregards the language of MCL 600.2912b(2) and would create an “actual notice” rule that allows the period of limitations to be tolled as long as an improperly addressed notice was mailed before the limitations period expired and the notice is eventually received by a defendant. Furthermore, I disagree with the plurality’s efforts to extend Bush to MCL 600.2912b(2) in which the plurality does not even adhere to its own test formulated only last year. The plurality has reached their desired result with little serious analysis and with *141 nothing offered in the way of a legal roadmap of how they arrived there and where they might arrive in the next case.
Corrigan and Young, JJ., concurred with Markman, J.

 MCL 600.5856 provides in relevant part:
The statutes of limitations or repose are tolled in any of the following circumstances:
(c) At the time notice is given in compliance with the applicable notice period under [MCL 600.2912b], if during that period a claim would be barred by the statute of limitations or repose; but in this *129 case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

 MCL 600.2912b(l) provides:
Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

 Plaintiff also mailed copies of a second notice that were properly addressed on June 7, 2006, after the limitations period had expired.

 Plaintiff also presented letters from a doctor addressed to defendants at 46 S. Howell Street in 2004, after defendants had moved their office. *132 This shows nothing more than that another person, not under any legal obligation to reasonably ascertain an address, as was plaintiff, also sought to communicate with defendants at a then incorrect address.

 The trial court also observed that while the Hillsdale Community Health Center, the hospital at which plaintiffs surgery occurred and that was apparently identified as a potential defendant, has been located at 168 S. Howell Street in Hillsdale for more than 30 years, the notice of intent for the hospital was addressed to 50 W Carleton Road. There is nothing in the record that explains what happened to the notice that was mailed to the hospital other than that someone signed for it. The trial court speculated that a letter carrier may have delivered the hospital’s notice to the proper address because the location of the hospital is common knowledge.

 The Court of Appeals dissent “perceivefd] no evidence to suggest that plaintiff was aware that the new address was defendants’ sole or exclusive address” and asserted that “[t]he language of [MCL] 600.2912b(2) simply does not take into account the fact that some ... health care professionals maintain more than one professional address at any given time.” DeCosta v Gossage, unpublished per curiam opinion of the Court of Appeals, issued September 2, 2008 (Docket No. 278665), p 2 (Jansen, J., dissenting) (emphasis in original). The plurality agrees. However, this assessment is irrelevant. First, it can just as easily be said that there is no *133 evidence to suggest that plaintiff was aware that defendants still maintained a practice at 46 S. Howell Street. Second, and more to the point, the extent of plaintiffs subjective knowledge does not define the statutory test; rather, it is whether the plaintiff took steps to reasonably ascertain the last known address.

 MCL 600.2912b(2) provides that “[pjroof of the mailing constitutes prima facie evidence of compliance with this section.”

 The plurality also asserts that because the United States Postal Service delivered the copies of the notice and an unidentified person at 46 S. Howell Street signed for them and forwarded the copies to defendants, it cannot be inferred that defendants’ new address was their sole business address. I see no logical connection between these facts and the plurality’s conclusion. Again, these facts are at most prima facie evidence that the notices were mailed. There is no evidence to indicate who actually signed for the notices or that this person was in any way associated with defendants. Further, the fact that someone at 46 S. Howell Street signed for the notices is irrelevant to whether defendants’ practice was located there. It indisputably was not.

 In Jones v Catholic Healthcare West, 147 Cal App 4th 300, 307-308; 54 Cal Rptr 3d 148 (2007), the court held that a notice of intent delivered via fax on the day the limitations period expired was sufficient notice because California’s notice of intent statute did not require a specific method of service. In Patry v Capps, 633 So 2d 9, 10-11 (Fla, 1994), the plaintiff hand-delivered the notice of intent, contrary to the statute’s requirement to serve the notice by certified mail, before the limitations period expired. The court concluded that certified mail was a “method for verifying significant dates in the process” and the “defendant acknowledge^] timely receipt of written notice ....” Id. at 12.

 In Silver v McNamee, 69 Cal App 4th 269, 272; 81 Cal Rptr 2d 445 (1999), the plaintiff mailed two notices of intent to the defendant, one by regular mail and one by certified mail, three days before the limitations *135 period expired. While the certified letter was returned unclaimed, the regular mail letter was not. Id. at 274. Because the notices of intent were properly addressed, the court concluded that the plaintiff complied with the statute and that the defendant had actual notice. Id. at 280.

 MCL 600.2301 provides:
The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.
The purpose of MCL 600.2301 is “to abolish technical errors in proceedings and to have cases disposed of as nearly as possible in accordance with the substantial rights of the parties.” M M Gantz Co v Alexander, 258 Mich 695, 697; 242 NW 813 (1932).

 See also O’Brien v Hazelet & Erdal, 410 Mich 1, 14; 299 NW2d 336 (1980) (stating that statutes of limitations “serve the permissible legislative objective of relieving defendants of the burden of defending claims brought after the time so established”), and Stephens v Dixon, 449 Mich 531, 534; 536 NW2d 755 (1995) (“Statutes of limitation are procedural devices intended to promote judicial economy and the rights of defendants.”).

 In Cannes, substantial rights were discussed in the context of the “plain error rule.” This Court explained that a showing of prejudice means “that the error affected the outcome of the lower court proceedings.” Cannes, 460 Mich at 763.

 The trial court took “judicial notice to the fact that the Hillsdale Community Health Center has been located in the same place ... for over 30 years, and that [it] is located at 168 S. Howell Street, Hillsdale.... It’s not 50 W Carleton.”